219 So.2d 771

Duelle D. EAVES

v.

LOUISIANA CYPRESS LUMBER
COMPANY.

No. 49253.

Feb. 24, 1969.

Pierson & Pierson, Allen B. Pierson, Allen B. Pierson, Jr., Ponchatoula, for defendant-applicant.

Robert J. Mack, Sims & Mack, Hammond, for respondent.

HAMITER, Justice.

On September 3, 1964 Duelle D. Eaves, the plaintiff herein, was accidentally struck in the face with a wrench while acting in the course and scope of his employment as a millwright with the Louisiana Cypress Lumber Company.

This suit against plaintiff's employer (filed on September 1, 1965), for workmen's compensation benefits allegedly due as the result of the accident, was dismissed by the district court. Plaintiff appealed.

The Court of Appeal reversed the judgment, and it awarded plaintiff compensation at the rate of $35 per week for 100 weeks under the provisions of LRS 23:1221(4) (p), plus penalties and $1000 attorneys' fees. 208 So.2d 380. We granted certiorari at the instance of defendant. 252 La. 180, 210 So.2d 57.

Initially, plaintiff claimed maximum benefits for total, permanent disability to perform at his regular occupation ($35 per week for 400 weeks). However, in answers to interrogatories (filed ·on August 31, 1966) he indicated that perhaps his suit had for its purpose the recovery also of

benefits for "disfigurement". But no amendment was made to the pleadings.

During the course of the trial it appeared that plaintiff was in no way "disabled", as that term is used in the compensation statute; and that whatever claim he might have would be for impairment of the usefulness of a physical function due to the loss of teeth—this, incidentally, was the basis of the Court of Appeal's award.

At this point we mention that the defendant urges that it was improper for the Court of Appeal to have considered the evidence relating to the claim based on loss of the usefulness of a physical function (it was objected to) because the allegations and the prayer were not sufficient to sustain such a demand. We find no merit in this assertion. LRS 23:1317 declares that in compensation suits "The court shall not be bound by technical rules of evidence or procedure * * *."

We do not believe that it would be useful to set forth here all of the allegations of the petition. Suffice it to say that, in our opinion, the factual allegations concerning plaintiff's injury were adequate, under such liberalized procedure, to permit the court to allow plaintiff to introduce evidence to sustain a claim for the impairment of the usefulness of a physical function.

Most of the pertinent facts are undisputed. The employment and the accident were admitted. Immediately after the occurrence of the mishap plaintiff was sent by his employer to a physician who referred him to a dentist. The latter found it necessary to remove, as a result of the injury, nine of plaintiff's front teeth (four lower and five upper).

At that time plaintiff was suffering with a severe periodontal disease, involving loss of bone; and he had previously lost fourteen teeth. Because of the generally poor condition of plaintiff's mouth it was deemed expedient by the dentist to remove the remaining teeth, which had not been affected by the blow, and to fit him with a full set of dentures rather than partial bridges. Plaintiff agreed to this procedure, as did the employer, and it was effected.

The defendant promptly paid for all medical and dental expenses incurred; and it permitted plaintiff to leave work, without any wage deduction, to meet whatever dental appointments were necessary to carry on his treatments.

Other than during his initial visit to the physician, and his trips thereafter to the dentist, plaintiff has lost no time from work as the result of the injury. He returned to his former employment with defendant and continued there until he voluntarily left in April of 1966 for a better paying job.

The defendant concedes that the loss of a tooth or teeth might in some cases give rise to a proper claim for compensation benefits under the provisions of LRS 23:1221(4) (p). However, it denied that any such claim exists here for the reason that plaintiff's teeth were in such poor condition when the accident occurred that they then "no longer performed the function of teeth"; and that, therefore, their removal could not be considered as resulting in the loss of the usefulness of a physical function.

Conceding, arguendo, the existence of facts as described by defendant could be the basis for denying compensation, we do not find that the record establishes such a factual situation. True, plaintiff did have a periodontal condition, as testified to by the treating dentist, which might have resulted ultimately in premature loss of the teeth at an indeterminate time in the future. Nevertheless, it was not definitely shown that the condition was not subject to treatment to avoid the loss.

Nor was there any evidence to show that the teeth were in an unusable condition. To the contrary, plaintiff's testimony is that they were perfectly usable; and that of the doctor supports him to the extent that he observed that the condition of the teeth would not cause any pain. Consequently, we hold, as did the Court of Appeal, that the plaintiff did suffer the loss of the usefulness of a physical function as a result of the removal of his teeth necessitated by the accident.

The statutory provision for payment of compensation in such a case declares that such payment shall be for a period of 100 weeks in an amount to be decided by the court. In the instant case the Court of Appeal fixed the award on the basis of an allegation contained in the answer and a stipulation affirming it at the commencement of the trial. The court interpreted the allegation as an admission that the maximum amount should be awarded if compensation was allowed for any reason.

We do not interpret the allegation in this manner. The admission was made in answer to and in the light of plaintiff's averment that his wages were such that he was entitled to compensation payments in the maximum amount of $35 per week; but it was based on the claim for total and permanent disability to perform at plaintiff's regular occupation.

The stipulation entered at the commencement of trial was that "We admit the accident and the rate of compensation *as stipulated in the answer.*" It is clear to us that the admission in the answer and the stipulation were merely for the purpose of fixing the rate of compensation in the event the court found that plaintiff was *disabled* as alleged by him. It cannot fairly

and reasonably be interpreted so as to form the basis for fixing the proper rate for the loss of a physical function *which at that time had not even been claimed.* (Italics ours)

█ Consequently, we believe that the Court of Appeal erred in basing its compensation award solely on the said admission and stipulation. Nevertheless, although the court erred in the manner in which it arrived at the rate, we believe that the amount so fixed is not excessive. Considering the number and position of the teeth lost, as well as the fact that they were useful to plaintiff, we think that he was entitled to the maximum compensation allowable.

However, we believe that the court erred in awarding penalties and attorneys' fees. LRS 23:1201.2 pertinently provides: "Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of *written notice.* Failure to make such payment within sixty days *after receipt of notice,* when such failure is found to be *arbitrary, capricious, or without probable cause,* shall subject the employer to a penalty, * * *." (Italics ours)

█ It is clear from the provisions of this section that penalties and attorneys' fees are not awarded for mere failure to pay a possible compensation claim. Such penalty is imposed for *arbitrary* refusal to pay after *written notice* of such *claim* (this defendant was uninsured).

While it is true that the defendant herein was aware of the happening of the accident and resulting injury, the employee continued at his regular employment and, until suit was filed, *gave no notice of any kind* that he was claiming or intended to claim compensation benefits other than those already paid by his employer (for medical and dental expenses). Even when the suit was finally instituted it demanded compensation for total and permanent disability, to which plaintiff was clearly not entitled, and sought medical expenses which had already been paid. The defendant had the right to resist such a demand.

█ We are of the opinion (in view of the above quoted provision) that penalties and attorneys' fees in compensation cases can be assessed only when the employer arbitrarily refuses to pay compensation benefits *after* he is put on notice that the employee *is claiming* that they are due. Thus, in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399 we held that the failure to pay the total compensation sought by plaintiff was not an arbitrary or capricious refusal to pay it when no demand had been made on the

employer for the increased sum and the employee did not complain of the manner in which the payments were computed. See also Lyons v. Pirello, La.App., 194 So.2d 147.

We are aware that there are some cases of the Courts of Appeal which do not give full effect to the provision requiring *written* notice of a claim before the imposition of penalties and attorneys' fees. But even if we were inclined to approve such holdings, those cases are distinguishable in that in each of them the employee was physically disabled to perform his former work; and the employer had actual notice of the disability and of the claim for compensation.

Under the circumstances existing herein we hold that the mere failure of the defendant to tender compensation benefits for the loss of the usefulness of a physical function, which had not been claimed or demanded, did not amount to an arbitrary or capricious refusal to pay them. Consequently, the award for penalties and attorneys' fees will be set aside.

For the reasons assigned the judgment of the Court of Appeal is amended by deleting therefrom the award to plaintiff of $1000 as attorneys' fees and penalties of 12% of the amount of the judgment. As thus amended the judgment is affirmed.