310 So.2d 831 (1975)
Earlis M. JENKINS, Plaintiff-Appellee-Relator,
v.
ORLEANS PARISH SCHOOL BOARD, Defendant-Appellant-Respondent.
No. 55370.
Supreme Court of Louisiana.
March 31, 1975.
Rehearing Denied April 25, 1975.
*832 Orlando G. Bendana, New Orleans, for plaintiff-applicant.
Franklin V. Endom, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-respondent.
TATE, Justice.
This is a compensation suit. The plaintiff lost two upper front teeth due to an accident at work. The trial court awarded weekly benefits on the basis of serious permanent impairment of a physical function. A majority of the court of appeal reversed, 299 So.2d 535 (La.App. 4th Cir. 1974), finding no impairment of function and no disfigurement due to the installation of a permanent fixed bridge.
We granted certiorari, 302 So.2d 32 (1974), because such holding is in conflict with the prior jurisprudence.
The award is sought under La.R.S. 23:1221(4)(p). This section applies where, although there is no disability and no loss of a specific member, "the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired." In such cases, the court has discretion to award compensation for one hundred weeks, at a rate not to exceed the statutory maximum of 65% of wages.[1]
The facts show that, as a result of an accident at work, two of Mrs. Jenkins' front teeth were broken. They were surgically removed. Subsequently, the two abutting teeth were filed down for artificial crowns, in connection with installation of a permanent fixed-bridge replacing the missing two teeth and utilizing the crowns of the two filed-down teeth as abutments for the bridge. The dentures are porcelain and gold. If Mrs. Jenkins loses an abutment tooth due to disease or otherwise, the fixed bridge will be useless.
The court of appeal held that the permanent loss of two front teeth was not compensable, since the fixed-bridge replacement was the functional equivalent of the lost teeth and since there was no serious cosmetic disfigurement. However, the court of appeal ruling is in conflict with the jurisprudence. See: Eaves v. Louisiana Cypress Lumber Co., 253 La. 741, 219 So.2d 771 (1969), affirming the award in 208 So.2d 380 (La.App. 1st Cir. 1968), which cited the earlier jurisprudence; Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754 (1926); Golden v. Starns-McConnell Lumber Corp., 172 So.2d 78 (La.App. 1st Cir. 1965), certiorari denied 247 La. 716, 174 So.2d 130 (1965); Daigle v. Blasingame, 162 So.2d 351 (La. App. 3d Cir. 1964), certiorari denied 246 La. 365, 164 So.2d 357 (1964).
This compensation jurisprudence has consistently allowed disfigurement-impairment awards for loss of natural teeth and, in doing so, has rejected contentions of non-compensability because dentures were claimed to be a cosmetic or functional improvement. Whatever temporary artificial aid dentures might provide, the employee has permanently lost part of his body due to an accident at work. Since without dentures the employee has no teeth, the courts have held that despite dentures, the employee may be considered seriously disfigured and his function of chewing as seriously impaired.
*833 The employee's serious loss of function and disfigurement is evaluated and compensable in light of his natural body's permanent loss of function and disfigurement, even though man-made artifices may at least temporarily alleviate the serious bodily loss and disfigurement. As stated in our early decision in Odom, cited above, where three front teeth were lost: "The fact that the teeth may be, and in this instance were, replaced does not wholly remove the disfigurement or the impairment, or the seriousness of either, though it lessens it." 162 La. 561, 110 So. 755-56. Cf. also Landry v. Liberty Mutual Insurance Co., 258 La. 649, 247 So.2d 564 (1971) (artificial eye replacing virtually sightless eye lost through work-trauma).
We see no reason why this principle of compensability for serious and permanent bodily loss does not apply to the present case, where the loss is alleviated by a fixed bridge, as well as to where it is alleviated by removable dentures.
Decree
For the reasons assigned, the judgment of the court of appeal is set aside, and the district court judgment awarding compensation benefits is reinstated and affirmed. All costs of these proceedings are to be paid by the defendant.
Court of Appeal judgment set aside, and trial court judgment reinstated.
SUMMERS, J., dissents for the reasons assigned by the Court of Appeal, 299 So.2d 535.

On Application for Rehearing
PER CURIAM.
In applying for rehearing, the defendant school board correctly points out that by brief in the court of appeal it alternatively contested the weekly award of $30.00 and suggested that at the most the minimum weekly compensation should be awarded. However, we find no abuse of discretion in the award made by the trial court.
The school board also correctly points out that our decree improperly assessed it with all costs, whereas as a governmental body it is exempt from court costs except for the stenographers' costs for taking testimony. La.R.S. 13:4521 (1964). Our decree is amended so as to restrict liability for costs to those authorized by law to be imposed upon public boards.
All other contentions having been correctly disposed or by our original decree, the application for rehearing is denied, with the amendment of the decree as to court costs. The plaintiff-appellee is reserved the right to apply for rehearing as to this amendment of the decree.
Original decree amended, and application for rehearing denied.
SUMMERS, J., dissents. However, the costs are properly not assessable to the school board.
NOTES
[1] The plaintiff was employed at a wage which entitled her to receive the statutory maximum of $49.00 per week. However, exercising its discretion, the trial court awarded her $30.00 per week as reasonable under the circumstances. This portion of the decree has become final, since defendant did not seek to review it in the court of appeal.