430 So.2d 1340 (1983)
Kurt HANKS, Plaintiff-Appellant,
v.
CRC HOLSTON, INC. et al., Defendants-Appellees.
No. 82-690.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Rehearing Denied May 26, 1983.
*1341 Marcantel & Marcantel, David E. Marcantel, Jennings, for plaintiff-appellant.
F. Jefferson Millican, Jennings, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Kurt Hanks, plaintiff-appellant, filed a worker's compensation claim against CRC Holston, Inc. and its insurer, Home Insurance Company, for injuries to his mouth resulting from an on-the-job accident. Hanks' petition sought a letter of financial responsibility from CRC and Home for all medical treatment necessary to grant him maximum recovery from his injury; compensation for permanent disfigurement and loss of a physical function; and penalties and attorney fees. The trial court rendered judgment in favor of Hanks in the sum of $1,770.00 for repairing the two front teeth with an additional $1,000.00 for whatever may be involved in additional costs. Hanks appeals. We amend and affirm as amended. We find that the trial judge was clearly wrong in only awarding $2,770.00 to Hanks for the injuries to his mouth. We find that Hanks' loss of two teeth constituted a loss of a physical function. Therefore, we conclude that he is entitled to an award in the sum of $183 per week for 100 weeks with legal interest from date of judicial demand until paid. Further, we find Hanks is entitled to a letter of financial responsibility from CRC and Home guaranteeing their financial responsibility for all medical, orthodontic and dental treatment necessary to grant him maximum recovery for hison-the-job injury. Finally, we find that Hanks is entitled to receive a sum of 12% on all sums due and owing and attorney's fees in the amount of $5,000.00 with legal interest on the above amounts from date of judicial demand until paid.
The issues on appeal are as follows:
1) Whether or not the trial court erred in failing to award Hanks any amount for disfigurement and impairment of a physical function.
2) Whether or not the trial court erred in failing to order CRC and Home to provide Hanks with orthodontic treatment.
3) Whether or not the trial court erred in setting a flat figure for the future medical awards.
4) Whether or not the trial court erred in failing to find that CRC's and Home's handling of the claim was arbitrary and capricious and failing to award Hanks attorney's fees, penalties and interest.
On October 21, 1981, Hanks was injured during the course and scope of his employment with CRC. Hanks suffered a split lip and the loss of his two front teeth. Hanks *1342 received prompt emergency treatment and subsequently consulted his family dentist, Dr. Donald McSpadden, in Jennings, Louisiana. Dr. McSpadden determined that certain orthodontic work was necessary before he could begin procedures to replace the two lost teeth. Shortly thereafter, Hanks was referred to Dr. Kirby J. Guidry, orthodontist, for an orthodontic evaluation. Dr. Guidry's examination confirmed Dr. McSpaddens' evaluation. Shortly after the accident, Hanks began making demand for treatment on CRC and Home. On or about November 25, 1981, CRC received letters from Drs. McSpadden and Guidry concerning the treatment necessary for Hanks recovery.
Dr. Guidry refused to begin orthodontic work until he was given assurance of payment or a down payment and Dr. McSpadden could not begin dental work until the orthodontic work had been completed.
Hanks made continuous demands on the insurance representative of CRC that they provide him with medical treatment. No treatment was ever authorized and Hanks was never told when he would be able to start treatment. Finally, on or about March 29, 1982, Hanks contacted his attorney who sent a certified letter on his behalf to Mr. Jimmy Robert, president of CRC, demanding that CRC have its workmen's compensation insurer give a letter within one week assuring that they would pay all medical expenses of Hanks due to his October accident. CRC received the letter on March 30, 1982.
In May, 1982, CRC made a settlement offer in approximately the amount necessary to pay Hanks' medical expenses, $4,600.00. Hanks replied stating that he had a right to reasonable compensation for his permanent disfigurement and impairment of a physical function due to his front teeth being knocked out.
CRC sent a letter dated June 3, 1982, which again offered only the estimated medical expense, $4,600.00. Their offer was in full settlement of all claims.
On June 4, 1982, the present suit was filed against CRC and Home. The case was set for trial on August 23, 1982. CRC and Home requested a continuance to have Hanks examined by an additional orthodontist. The continuance was granted and the case was reset for September 16, 1982.
Thereafter, Hanks was examined by Dr. Jerome Hebert, orthodontist, who confirmed the findings of Drs. McSpadden and Guidry that orthodontic treatment was necessary before Hanks' teeth could be replaced.

Disfigurement and Impairment of a Physical Function
Hanks contends that the trial court was clearly wrong in not providing an award for disfigurement-impairment. It is his contention that the fact his two front teeth were knocked out in an on-the-job accident entitles him to compensation under LSA-R.S. 23:1221(4)(p). We agree.
The Supreme Court in Jenkins v. Orleans Parish School Board, 310 So.2d 831 (La. 1975), discussed this issue in an analogous factual situation. In Jenkins, the Supreme Court made the following statement:
"This compensation jurisprudence has consistently allowed disfigurement-impairment awards for loss of natural teeth and, in doing so, has rejected contentions of non-compensability because dentures were claimed to be a cosmetic or functional improvement. Whatever temporary artificial aid dentures might provide, the employee has permanently lost part of his body due to an accident at work. Since without dentures the employee has no teeth, the courts have held that despite dentures, the employee may be considered seriously disfigured and his function of chewing as seriously impaired..."
In light of the above, we conclude that the loss of natural teeth is considered a disfigurement and impairment of a physical function thereby compensable.
The trial court stated in its written reasons for judgment that "there was an allegation about seriously and permanently disfiguring" but "there's no evidence about that at trial here today and therefore apparently *1343 it was abandoned by the plaintiff". We disagree. The record shows that Hanks lost his two front teeth and that he needed dental and orthodontic treatment. We conclude that this is sufficient to entitle Hanks to recover. In support of our conclusion, the record revealed that counsel for Hanks specifically asked that Hanks be allowed to testify that he had difficulty speaking and eating. The trial court stated:
"Obviously it's going to affect your speaking when you've got two front teeth missing. You don't have to tell me that."
Therefore, we conclude that the trial court was clearly wrong in not awarding a sum for disfigurement and/or impairment of a physical function under LSA-R.S. 23:1221(4)(p).
Under LSA-R.S. 23:1221(4)(p), in a case in which the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously impaired, the court may allow compensation not to exceed sixty-six and two-thirds per centum of the wages during one hundred weeks.
The parties stipulated that the maximum weekly compensation for disability at the time of the accident was $183.00. The minimum weekly compensation is $55.00 per week for the period of September 1, 1981, through August 31, 1982, based on an average weekly wage in all employment subject to the Louisiana Employment Security Law.
The recent case of Campbell v. Baker, Culpepper and Brunson 382 So.2d 1046 (La. App. 2d Cir.1980) held that in a case based on LSA-R.S. 23:1221(4)(p), "any amount between the statutory minimum and maximum may be awarded". The trial court in this case awarded nothing. Since the record before us is complete, we conclude we have the authority to award Hanks $183 per week for 100 weeks in compensation for disfigurement and loss of a physical function. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).

Necessary Medical Bills
Hanks argues that the trial court was clearly wrong in awarding only $2,770.00 in necessary medical expenses. It is his contention that the orthodontic treatment and the future plastic surgery to his lip are necessary expenses. We agree.
LSA-R.S. 23:1203 states in part that it is the employee's duty to "furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal."
CRC and Home answered contending that the trial court was correct due to the fact that Hanks failed to establish that the orthodontic problem was caused by the blow to his mouth.
Dr. McSpadden testified that prior to the accident, Hank's teeth were not in proper alignment and, in fact, there existed a preexisting condition in which the lateral incisors and cuspids were in an unsatisfactory position. Essentially, the orthodontic condition existing prior to the accident was one in which the space which was having to accommodate Hanks' two front teeth was actually smaller than necessary.
Our review of the record revealed that Hanks did not need orthodontic treatment prior to the accident. It further revealed that the only way to repair Hanks' mouth was to have at least two years of orthodontic treatment.
The jurisprudence states that the employer takes his employee as he finds him. Self v. Riverside Companies, Inc., 382 So.2d 1037 (La.App. 2nd Cir.1980). Therefore, we conclude that Hanks is entitled to recover for orthodontic treatment.
CRC and Home further contend that there are other methods which would place Hanks' mouth back in the condition it was prior to the accident. They suggest a six unit bridge replacement would suffice without prior orthodontic treatment.
The record reveals that CRC's and Home's contention is based on information supplied by Dr. J.R. Graham, D.D.S., of the National Dental Consultants who did not *1344 personally examine Hanks. Drs. McSpadden, Guidry and Hebert, all who personally examined Hanks, concluded that the work to be performed was of a functional nature to insure the longevity of the fixed bridge work that would come after orthodontics. From our review of the record, we find CRC's and Home's contention without merit.
In his petition, Hanks sought recovery for damages to his lip. At trial, Hanks testified as to the extent of damages to his lip. Also, Hanks testified that plastic surgery would be necessary to put his lip back into the condition it was prior to the accident. CRC and Home failed to present any evidence to rebut Hanks' testimony. Therefore, we conclude that Hanks is entitled to recover medical expenses regarding the treatment of his lip.
The trial court awarded Hanks the sum of $1,770.00 for repairing the two front teeth with an additional $1,000.00 for whatever may be involved in additional costs.
The record reflects that the orthodontic bill would be at least $2,300.00 and that the dental bill would be at least $1,900.00 and that it could be higher since the work will not be performed for at least two years.
We find that the award of the trial court is insufficient. Since the record before us is complete, we are authorized to render a judgment. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
In this regard, the record revealed that Hanks did not pray for a money judgment for medical expenses. Rather, he prayed for a letter of financial responsibility to be able to begin medical treatment. A review of the jurisprudence shows that the Supreme Court in the case of Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981) ruled that a petition seeking a letter of financial responsibility states a cause of action under the workmen's compensation laws.
Therefore, we find that Hanks is entitled to a letter of financial responsibility for all medical, orthodontic and dental treatment necessary to grant him maximum recovery for his on-the-job injury. LSA-R.S. 23:1203.

Penalties and Attorney Fees
Hanks argues that the trial court was clearly wrong in not finding the actions of CRC and Home arbitrary and capricious. He contends that the failure of CRC and Home to authorize medical treatment for his injuries and the refusal to compensate him for disfigurement and loss of a physical function constituted arbitrary and capricious actions. We agree.
LSA-R.S. 22:658 requires payment of workmen's compensation claims within sixty days of satisfactory proof of loss from the insured.
A review of the record revealed the following: The accident occurred on the job on the 21st of October 1981; Hanks received emergency treatment for his injuries; CRC knew of the loss of the two front teeth at this time; in November of 1981, Drs. McSpadden and Guidry communicated to CRC the extent of damages and the necessary treatment; and the information of the accident and injuries was forwarded to the Home's claim office. The record further revealed that Hanks and his father made continuous demands to be furnished with medical treatment. Their first request was made no later than November of 1981. On March 30, 1982, CRC received a certified letter demanding a letter of financial responsibility. The present suit was filed on June 4, 1982, some seven months after the initial demands for medical treatment. At that time, neither CRC nor Home had ever authorized medical treatment to begin or ever told Hanks when he could hope that treatment would begin.
CRC and Home contend that there was a dispute as to the extent of treatment necessary. i.e. orthodontic and dental or only dental. We find no merit in their contention. The record reveals that they did not have any medical opinion that refuted Drs. McSpadden's and Guidry's reports. The only medical evidence introduced to confirm their contention was from Dr. Graham *1345 which was received after suit was filed some seven months later. Therefore, we find that the actions of CRC and Home in not authorizing medical treatment to be arbitrary and capricious.
Further, a review of the record revealed that CRC and Home refused to compensate Hanks for his disfigurement and loss of a physical function.
This court in Fruge v. Hub City Iron Works, Inc. 131 So.2d 593 (La.App. 3rd Cir. 1961), discussed this issue in an analogous factual situation. In Fruge, we made the following statement:
"Conceding that there may have been a reasonable dispute as to the weekly amount of compensation due ... there can be no serious question but that the loss of two upper front teeth, which perform important functions in mastication, constitutes a compensable impairment of a physical function."
* * * * * *
"Since the evidence reflects without serious dispute that the loss of these two front teeth was a direct result of the accident at work, we do not believe that the defendant insurer had any reasonable defense to the claim for some compensation arising out of their loss."
* * * * * *
"It is well settled ... that a failure to pay or to tender an amount for which the employer is undoubtedly liable under the compensation act is arbitrary or unreasonable so as to require the imposition of statutory penalties whenever such failure is without legal basis and there is no serious question upon the merits that the employee is entitled to payments of such compensation benefits."
In view of the record and the jurisprudence, we conclude that CRC and Home acted arbitrarily and capriciously in refusing to compensate Hanks for disfigurement and loss of a physical function.
Based on our conclusions, we find that Hanks is entitled to penalties in the amount of 12% on all sums due and owing. Also, we find that he is entitled to reasonable attorney's fees.
Hanks' requests $5,000.00 in attorney's fees. Reviewing the record and the time spent on appeal, we conclude that $5,000.00 in attorney's fees is reasonable. Moreau v. Houston General Ins. Co., 386 So.2d 151 (La.App. 3rd Cir.1980).
For the above and foregoing reasons, the judgment of the trial court is amended as follows:
It is ordered, adjudged and decreed that the trial court judgment is vacated and set aside insofar as it awards $2,270.00 in medical expenses.
It is further ordered, adjudged and decreed that there be judgment in favor of Kurt Hanks and against CRC Holston, Inc. and Home Insurance Company in the sum of $183 a week for 100 weeks, with legal interest from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment in favor of Kurt Hanks and against CRC Holston, Inc. and Home Insurance Company, ordering them to provide a letter of financial responsibility for all medical treatment necessary to grant Kurt Hanks maximum recovery from his injury through plastic surgery, orthodontic and dental treatment.
It is further ordered, adjudged and decreed that there be judgment in favor of Kurt Hanks and against CRC Holston, Inc. and Home Insurance Company in the sum of 12% on all sums due and owing and the sum of $5,000.00 for attorney's fees with legal interest on the above amounts from date of judicial demand until paid.
In all other respects, the judgment of the trial court is affirmed.
Costs of the appeal are taxed against appellees, CRC Holston, Inc. and Home Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.