462 So.2d 1287 (1985)
Chester BERKEL
v.
AETNA CASUALTY & SURETY COMPANY.
No. 84-CA-272.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*1288 Robert F. Fadaol, Gretna, for plaintiff-appellee.
Drury & Tabb, Frederick A. Miller, New Orleans, for defendant-appellant.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CHEHARDY, Judge.
In this worker's compensation case, defendant appeals a judgment awarding the plaintiff 100 weeks of compensation at 66.67% of his average weekly wage (less previously paid compensation), $4,000.00 for "rehabilitative, orthodontic and dental treatment", penalties of 12% on all sums due and owing for "arbitrary and capricious refusal of payment on plaintiff's claim for compensation," interest on the compensation due, attorney's fees in the amount of $2,500.00 plus judicial interest thereon, and all costs, including experts' fees.
Chester Berkel, plaintiff, was employed by V. Keeler and Company, Inc., when he was injured on the job. On November 17, 1981 an air hose attached to a piece of heavy equipment he was operating broke and struck him in the mouth. He was knocked unconscious and was rushed to the hospital, where he was treated for contusions and lacerations. Subsequently he underwent dental surgery for removal of several teeth. (Apparently four teeth were pulled, but the record does not establish this clearly.)
Mr. Berkel was off work for twenty days while recuperating and returned to work on December 7, 1981. During this time he received one check, in the amount of $272.32, for worker's compensation benefits for temporary total disability. No further compensation benefits were paid.
Several months later he consulted a dentist and learned he would need extensive rehabilitative dental treatment to repair the damage caused by the accident. His dentist, Dr. Richard Owens, estimated the cost of the treatment at $3,500.00 to $4,000.00. Dr. Owens sent an itemized listing of the work required to Aetna Casualty & Surety Company, compensation insurer of plaintiff's employer. He advised Aetna that he would require payment in advance of performing the work. Aetna did not disagree with the amount of work required or the fees to be charged, but refused to pay for it before it had been done. Plaintiff could not afford to pay for the dental work himself and therefore he remained in his semi-toothless condition.
Eventually plaintiff sought legal counsel. His attorney made demand on Aetna for payment of further compensation benefits and for payment of Dr. Owens' fees. Aetna denied liability for any further compensation, and refused to pay the fees in advance. On December 16, 1982 plaintiff filed suit.
*1289 The case was tried on August 29, 1983; on December 7, 1983 judgment was rendered in favor of the plaintiff. Aetna filed a motion for remittitur, which was granted. On February 7, 1984 the judgment was amended to increase (from 98 to 100) the number of weeks for which compensation was to be paid and to correct the average weekly wage upon which it was to be based. Aetna was also given credit for the compensation already paid. In all other respects the judgment remained the same. (Its provisions are noted at the beginning of this opinion.) Aetna has appealed.
On appeal, Aetna contends the trial judge erred in awarding compensation benefits in addition to those already paid, and in assessing penalties for arbitrariness and capriciousness against Aetna.
Although the judge did not assign reasons for judgment, clearly he based his award of benefits on LSA-R.S. 23:1221(4)(p):
"In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks."
(The statute was amended, and this paragraph rewritten, by Acts 1983, 1st Ex. Sess., No. 1, Sec. 1, eff. July 1, 1983. However, we apply the version of the statute in effect at the time of the events made the basis of this suit.)
Aetna contends that plaintiff failed to prove either that he was seriously disfigured or that the usefulness of a physical function was seriously impaired. Aetna argues that plaintiff lost only two or three teeth and that there is no evidence this will result in a loss of function after he receives proper dental rehabilitation. Aetna also contends that any loss of function is temporary (until he undergoes the dental work) and is principally the result of Berkel's own delay in seeking treatment.
We find no merit to these arguments. The loss of teeth is by itself a compensable injury under R.S. 23:1221(4)(p), as interpreted by our Supreme Court prior to the 1983 amendment:
"This compensation jurisprudence has consistently allowed disfigurement-impairment awards for loss of natural teeth and, in doing so, has rejected contentions of non-compensability because dentures were claimed to be a cosmetic or functional improvement. Whatever temporary artificial aid dentures might provide, the employee has permanently lost part of his body due to an accident at work. Since without dentures the employee has no teeth, the courts have held that despite dentures, the employee may be considered seriously disfigured and his function of chewing as seriously impaired.
"The employee's serious loss of function and disfigurement is evaluated and compensable in light of his natural body's permanent loss of function and disfigurement, even though man-made artifices may at least temporarily alleviate the serious bodily loss and disfigurement. As stated in our early decision in Odom [v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754 (1926)], where three front teeth were lost: `The fact that the teeth may be, and in this instance were, replaced does not wholly remove the disfigurement or the impairment, or the seriousness of either, though it lessens it.' * * *"
Jenkins v. Orleans Parish School Board, 310 So.2d 831, 832-833 (La.1975).
In addition, Mr. Berkel and his wife testified that his loss of teeth had impaired his speaking ability and eating ability, and the disfigurement of his toothlessness had caused some problems in their marital relationship as well as subjected him to ridicule by other people.
Accordingly, the trial court was correct in finding plaintiff entitled to the additional compensation.
*1290 In the alternative, Aetna argues the amount of compensation awarded was too high. The judge awarded the maximum amount allowed by R.S. 23:1221(4)(p) (as written prior to the 1983 amendment), "sixty-six and two-thirds per centum of wages during one hundred weeks." In plaintiff's case this amounts to $122.00 per week.
Under the jurisprudence interpreting the pre-1983 version of the statute, "during one hundred weeks" has been construed to require that the award shall be for one hundred weeks, no less and no more. Edwards v. Hartford Ins. Co., 445 So.2d 499, 502 n. 4 (La.App. 2 Cir.1984). An award under R.S. 23:1221(4)(p) is not contingent on the employee's inability to work. Edwards v. Hartford Ins. Co., supra. The amount of the weekly payment, however, is within the discretion of the trial court.
"Trial courts have much discretion in determining the weekly amount which may be due for the 100 weeks for impairment of a physical function. Any amount between the statutory minimum and maximum may be awarded. * * *"
Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046, 1049 (La.App. 2 Cir. 1980), writ ref. 385 So.2d 793 (La.1980). We find no abuse of discretion in the amount awarded here.
Finally, Aetna contests the award of penalties and attorney's fees against it. The judgment awarded the penalties on "all sums due and owing"; thus, they apply not only to the compensation determined to be due, but also to the medical benefits awarded.
Aetna argues it was not arbitrary and capricious in refusing to pay the dentist's fees in advance because the jurisprudential rule has been that the employer is only responsible for medical expenses as they accrue and as they are actually incurred. See Andersen v. Eagle Asbestos Company, 355 So.2d 1082 (La.App. 4 Cir.1978); Deshotels v. Fidelity and Casualty Co. of New York, 324 So.2d 895 (La.App. 3 Cir. 1976), writ ref. 328 So.2d 376 (La.1976); Manuel v. Jennings Lumber Company, 248 So.2d 908 (La.App. 3 Cir.1971).
Relying on this jurisprudence, defendant asserts, "At all times, Mr. Berkel had the opportunity to seek out a dentist who would have performed this rehabilitative treatment and accepted Aetna's condition [that payment would be made after treatment was undertaken] * * *."
This argument, however, misinterprets the law because it places on the injured workman the burden of providing his own medical care. LSA-R.S. 23:1203 (in the version in effect at the time) states,
"In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal." (Emphasis added.)
The wording of the statute makes clear that the employer is obligated to furnish necessary medical treatment to the injured employee, not simply to pay the costs thereof as incurred. As applied to this case, we find the law placed on Aetna the responsibility either to provide a letter guaranteeing its financial responsibility for the necessary treatment or to refer plaintiff to a dentist who would treat without prepayment.
Dr. Owen testified he would have performed the dental work if Aetna had sent him written confirmation that payment would be rendered. Although Aetna's representative indicated in telephone conversations to him that Aetna would pay, the dentist never received a letter confirming this. Aetna never referred plaintiff to another dentist or made any other effort to furnish him with the necessary treatment. Although Aetna contends there was a valid dispute as to the number of teeth Berkel lost as a direct result of the accident, Aetna made no effort to obtain a second opinion from a dentist of its own choosing, as it had a right to do under LSA-R.S. 23:1121.
We find this behavior violates the employer's obligation under R.S. 23:1203 and is arbitrary and capricious. See Hanks v. CRC Holston, Inc., 430 So.2d 1340 (La. App. 3 Cir.1983).
*1291 Further, we also find Aetna was arbitrary and capricious in terminating compensation benefits. Aetna clearly knew Mr. Berkel had lost teeth as a result of the accident. As stated above, the jurisprudence has positively established the loss of teeth in itself as sufficient qualification for benefits under R.S. 23:1221(4)(p). The Jenkins case, supra, and the cases preceding it were settled law by the time plaintiff's claim arose. Therefore Aetna's refusal to pay at least some compensation was arbitrary and capricious. See Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App. 3 Cir.1961).
Accordingly, we uphold the district court's award of penalties and attorney's fees to plaintiff.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.