YELVERTON, Judge.
There are two issues in this worker’s compensation appeal. The first is whether the trial court erred in its calculation of the amount of benefits due plaintiff for a five percent permanent impairment of the leg, under LSA-R.S. 23:1221(4)(o). The second is, if the employer owed more than it paid, was it arbitrary and capricious in failing to resume benefits after it learned of plaintiff's disability, and should it be assessed penalties and attorney’s fees? We find that the trial court miscalculated, and we reverse and render judgment for the correct amount. We also find the employer was arbitrary and capricious in failing to resume the payment of benefits when it learned of plaintiff’s disability, and award penalties and attorney’s fees.
Roy Cobb, a laborer, was injured — a broken leg — in a conveyor belt accident on the job in October 1981. He was paid compensation benefits of $100 a week. Payments were terminated in May 1982. He sued his *408 employer, Boswell Sawmill, Inc., for worker’s compensation benefits as well as penalties and attorney’s fees, alleging permanent and total disability. After a trial, judgment was rendered dismissing his claim. In its reasons for judgment the trial court found that Cobb was entitled to benefits under La.R.S. 23:1221(4)(o) in the amount of $875. However, since the sawmill had paid weekly benefits totalling $3,300, the trial court determined that plaintiff was not entitled to any further compensation and, of course, denied his claim for penalties and attorney’s fees.
Cobb testified that his employer told him the reason the benefits were terminated was because he failed to show up for a medical appointment with Dr. Lewis Jones. He did in fact fail to keep a May 21, 1982, appointment with that doctor. The next visit the plaintiff made to the doctor was November 2, 1981. He was not paid any benefits after May 1982.
Cecil Boswell, an official of Boswell Sawmill, Inc., testified that benefits were terminated in May 1982 based on the medical report of Dr. Lewis Jones rendered in April 1982. The April report stated the patient would be rechecked in May and “hopefully can return to work after that.” When plaintiff failed to keep his May appointment the benefits were terminated. In October 1982 Dr. Lewis sent the defendant-employer a progress report which stated plaintiff “should be assessed 5% permanent physical impairment to his left lower extremity secondary to his fracture.” The employer never tendered any additional compensation benefits after receiving that report.
The trial court found that plaintiff’s loss fell within the provisions of former La.R.S. 23:1221(4)(o), which then read as follows:
“(o) In all eases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.”
The trial court determined that under La. R.S. 23:1221(4)(h) plaintiff would have been entitled to sixty-six and two-thirds percent of the wages for 175 weeks had there been the loss of the leg. Since plaintiff established a five percent permanent physical impairment to the left leg, the trial court concluded that under R.S. 23:1221(4)(o) the plaintiff was entitled to only five percent of the sum he would have been entitled to under La.R.S. 23:1221(4)(h), or $875.
Appellant, Cobb, argues that the trial court erred in its calculations, and that he was entitled to the statutory minimum weekly compensation benefits under La. R.S. 23:1202. We agree.
The cases hold that if a claimant’s percentage of loss under R.S. 23:1221(4)(o) does not equal the minimum compensation benefits provided for under R.S. 23:1202, then he is entitled to the minimum under Section 1202. Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Slocum v. LaMartiniere, 369 So.2d 201 (La.App. 3rd Cir.1979), writ denied 372 So.2d 569 (La.1979).
The minimum weekly compensation was $55 per week for the period of September 1, 1981, through August 31, 1982, based on an average weekly wage in all employment subject to the Louisiana Employment Security Law. See Hanks v. CRC Holston, Inc., 430 So.2d 1340 (La. App. 3rd Cir.1983), writ denied 438 So.2d 576 (La.1983). Therefore, plaintiff is entitled to an award of $55 for 175 weeks, less a credit for the $3,300 already paid by the employer.
We find that the employer’s actions were arbitrary and capricious. Weekly disability benefits were terminated in May 1982 based on Dr. Jones’ April report that plaintiff in May “hopefully can return to work ...” When plaintiff failed to keep his May appointment with Dr. Jones, the sawmill terminated his benefits. In October 1982 Dr. Jones sent a report to Boswell Sawmill *409 stating that plaintiff had a 5% permanent impairment to his left lower extremity as a result of his fracture. Even assuming that the employer was not arbitrary in terminating benefits in May 1982, the employer offered no excuse as to why benefits were not resumed in October based on Dr. Jones’ subsequent report. The report clearly showed that plaintiff had suffered a permanent partial loss of the use or function of the left leg; therefore, he was clearly entitled to compensation benefits.
For this reason we find the refusal to pay weekly benefits was arbitrary, capricious, and without probable cause. See Pradia v. St. Patrick’s Hospital, etc., 378 So.2d 576 (La.App. 3rd Cir.1979), writ denied 380 So.2d 99 (La.1980) for a similar factual situation. Based on our conclusions, we find that Cobb is entitled to penalties in the amount of 12% on all sums due and owing. We fix reasonable attorney’s fees in the amount of $2,500.
For these reasons, the judgment of the trial court is reversed, and judgment is rendered awarding plaintiff benefits in the amount of $55 for 175 weeks subject to a credit of what has already been paid by the employer. Judgment is further rendered awarding plaintiff penalties of 12 percent on all sums owing, and $2,500 attorney’s fees, with legal interest on the above amounts from date of judicial demand until paid.
Costs of the appeal are taxed against appellees, Boswell Sawmill, Inc.
REVERSED AND RENDERED.