GUIDRY, Judge.
Plaintiff in this worker’s compensation suit appeals a judgment of the trial court denying his claim for compensation benefits. We affirm.
On January 21, 1988, Kevin Broadway sustained a fracture of his left leg in a work-related accident while employed by Cade Wood, Inc. Plaintiff was paid compensation benefits for 32 weeks, at which time he returned to work. Although plaintiff was able to return to work, his left leg is approximately Vsths of an inch shorter than his right leg as a result of the leg fracture. Plaintiff wears a heel lift to compensate for the leg length difference.
The sole issue on appeal is whether or not plaintiff’s leg length difference is com-pensable under La.R.S. 23:1221(4)(p) as a serious and permanent disfigurement.
La.R.S. 23:1221(4)(p) provides, in pertinent part, as follows:
*154 “(4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability.”
Plaintiff relies on the cases of Landry v. Liberty Mutual Insurance Company, 258 La. 649, 247 So.2d 564 (1971) and Jenkins v. Orleans Parish School Board, 310 So.2d 831 (La.1975), as authority for finding plaintiff’s injury compensable as a serious and permanent disfigurement.
In Landry, supra, the plaintiff lost his left eye as a result of an on-the-job accident. A prosthesis was substituted for the lost eye. The Louisiana Supreme Court, in finding plaintiff’s disfigurement compensa-ble, stated:
But we do not believe it can be said that because plaintiff is able to make his disfigurement less noticeable to the public at large, it is not a disfigurement. Plaintiff, himself, is confronted with it as well as the members of his family. His wife testified that she has seen him without the prosthesis and described the unsightly appearance. The use of such an artificial device does not, in our opinion, render plaintiff any the less disfigured than would the application of cosmetics by a person scarred about the face, during his public appearances.”
In Jenkins, supra, the plaintiff lost two front teeth in a work-related accident. The trial court awarded compensation under La. R.S. 23:1221(4)(p). The Court of Appeal reversed finding that there was no disfigurement inasmuch as a permanently fixed bridge had been substituted for the lost teeth. Our Supreme Court reversed the Court of Appeal’s decision and reinstated the trial court’s judgment. The Court observed that:
“The employee’s serious loss of function and disfigurement is evaluated and compensable in light of his natural body’s permanent loss of function and disfigurement, even though man-made artifices may at least temporarily alleviate the serious bodily loss and disfigurement. ...”
In this case, plaintiff contends that his injury is a compensable disfigurement and the fact that a heel lift is available to compensate for his limb length difference is immaterial. We agree with plaintiff that the availability of a heel lift to compensate for his injury is immaterial. Jenkins, supra. Instead, our inquiry must focus solely on whether plaintiff’s leg length difference is a compensable disfigurement.
La.R.S. 23:1221(4)(p) specifically provides that compensation is allowed only for serious and permanent disfigurement. The Louisiana worker’s compensation act does not define the term “disfigurement” nor has our research of Louisiana jurisprudence revealed any case defining the term “disfigurement”. The term “disfigurement” has been defined in other jurisdictions as “that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner”. Superior Mining Co. v. Industrial Commission, 309 Ill. 339, 141 N.E. 165 (Ill.1923). A serious disfigure *155 ment is a disfigurement “of such a character that it substantially detracts from the appearance of the person disfigured”. Dombroski v. Fafnir Bearing Co., 148 Conn. 87, 167 A.2d 458 (Conn.Sup.Ct.Err.1961).
At trial of this matter, the general testimony of both plaintiff and his wife was that plaintiff walks with a limp as a result of the leg length difference. Dr. Edwin C. Simonton, an orthopedic surgeon testifying by way of deposition, stated that his examination of plaintiff revealed that plaintiff ambulates with a mild limp. Dr. Simonton measured the limb length difference as 7/sths of an inch, although he added that because plaintiff was slightly obese, the measurement of limb length was slightly inaccurate. Furthermore, Dr. Simonton noted that x-rays taken revealed that plaintiffs pelvis tilted downward on the left side but the tilt appeared to measure less than 7/8ths of an inch. Dr. Simonton did not assign any percentage of disability to plaintiff.
The trial court, in written reasons for judgment, stated that:
“The court does not believe that the injury of Mr. Broadway is governed by this provision [La.R.S. 23:1221(4)(p) ] nor is it the type of injury our Supreme Court had in mind in the Jenkins and Landry cases. In both those cases there was obvious and apparent disfigurement. In this case there is neither a disability nor a disfigurement. In the Jenkins case if Mr. Jenkins removed his false teeth his disfigurement was obvious and apparent; likewise if Mr. Landry removed his glass eye his disfigurement was obvious and apparent. In this case the deformity which Mr. Broadway clearly has is not an obvious and apparent disfigurement. The history of this provision of the worker’s compensation act reflects that it was designed to compensate injured workers who, even though they made a full physical recovery, were nevertheless left in a scarred or disfigured state. In light of the fact that Mr. Broadway is not left in a scarred and disfigured state nor laboring under a disability the court concludes that he is not entitled to the benefits under the provisions of LSA-R.S. 23:1221(4)(p).”
It is well established that the manifest error standard of appellate review applies to worker’s compensation cases. Moore v. Ranger Insurance Company, 520 So.2d 1155 (La.App. 3rd Cir.1987).
The trial judge had the benefit of observing plaintiff walk and in addition observed his leg. On the basis of this observation and the other evidence presented, the learned trial judge concluded that, as a result of his injury, plaintiff did not suffer serious and permanent disfigurement within the intendment of La.R.S. 23:1221(4)(p). We find no clear error in this conclusion and affirm. Costs of this appeal are assessed to appellant.
AFFIRMED.