LOTTINGER, Judge.
This is a worker's compensation case in which both plaintiff, Frank David Zycha, and defendant, The Great Atlantic & Pacific Tea Company (A & P), appeal the amount of compensation awarded.
FACTS
Plaintiff, an employee of A & P, suffered his injury December 21, 1986, when hot grease spilled from an oven roasting pan he was holding. As a result of the accident, plaintiff suffered second and third-degree burns to his left thigh, measuring an area ten inches by five and one-half inches. Plaintiff also underwent three skin graft operations whereby three skin patches, each measuring seven by one and one-half inches, were taken from his right thigh. Plaintiff returned to work January 24, 1987. The employer paid all of his medical and drug bills, as well as four weeks of compensation during the period of his temporary total disability, December 21, 1986, through January 24, 1987. Additionally, prior to trial, defendant unconditionally tendered to plaintiff $4,722.82, an amount representing 46 weeks of weekly compensation. Following trial, plaintiff cashed this check.
TRIAL COURT
Plaintiff filed suit, seeking one hundred weeks of compensation for permanent partial disability pursuant to La.R.S. 23:1221(4)(p).[1] The trial court awarded plaintiff seventy-five weeks of compensation benefits at the rate of $102.67 per week subject to a credit to defendant for the four weeks of temporary total disability already paid. In oral reasons, the trial court rejected defendant’s contention that a worker is not eligible for benefits unless he establishes that he has lost some earning capacity. The court reasoned that such a requirement would “read disfigurement out of the scheduled losses” because there are so many cases where the disfigurement is not apparent and would thus not impair earning capacity. From this judgment, plaintiff and defendant both appeal.
ASSIGNMENTS OF ERROR
Plaintiff urges the trial court erred in:
1. Awarding plaintiff 75 weeks of compensation benefits rather than 100 weeks; and
2. Finding that plaintiff was not entitled to penalties and attorney’s fees.
*678 DEFENDANT’S ASSIGNMENT OF ERROR
Defendant contends the trial court erred in awarding plaintiff benefits under La.R.S. 23:1221(4)(p) without proof that the disfigurement had an effect on plaintiff’s earning capacity.
I
THE NATURE OF A WORKER’S COMPENSATION AWARD
In Brooks v. Chicola, 514 So.2d 7, 11 (La.1987), the Louisiana Supreme Court stated definitively that “the primary purpose of the Worker’s Compensation Law is to replace lost wages and to compensate for the lost capacity to earn wages, not to compensate for pain and suffering.”
In specific reference to the “schedule” for lost limbs or organs, or for disfigurement, R.S. 23:1221(4), the Supreme Court in Brooks stated, “we prefer to view this a [sic] compensation for lost capacity to earn and not as a separate item unrelated to earning capacity....” Brooks, supra at 13, fn. 8.
Plaintiff argues that Brooks did not intend to create a new burden of proof under La.R.S. 23:1221(4)(p). We agree. Although Brooks does stand for the proposition that a compensation award is intended to compensate only for loss of wages and earning capacity, Brooks must be read in the context in which it was written. Brooks dealt with a compensation insurer’s attempts to recoup payments made to the worker from his tort recovery from a third party.
It is well settled that worker’s compensation laws must be liberally interpreted in favor of the injured worker; see Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984), thus, we do not read Brooks as standing for the proposition that an injured worker must prove that his disfigurement has impaired or reduced his earning capacity in order to recover under La.R.S. 23:1221(4)(p).
While we agree, as we must in light of Brooks, that a disfigurement award pursuant to La.R.S. 23:1221(4)(p) is to compensate for lost wages and earning capacity, we hold that it is inherent in the statute that the specified injuries, which include disfigurement, do impair earning capacity; and therefore all the injured worker must prove is the seriousness and permanency of the disfigurement. See Fruge v. Hub City Iron Works, Inc., 131 So.2d 593, 598 (La. App. 1st Cir.1968) (worker entitled to compensation for disfigurement regardless of whether he returns to work and continues to earn full wages).
CONCLUSION
In the case at bar the plaintiff has satisfied his burden of proof; he has shown that he is seriously and permanently disfigured. Additionally, the trial court did not abuse its discretion in awarding 75 weeks of compensation instead of 100, as the statute provides for “compensation not to exceed one hundred weeks.” Nor did the trial court abuse its discretion in not awarding penalties and attorney’s fees.
Accordingly, for the above and foregoing reasons, we affirm the decision of the trial court that awarded plaintiff 75 weeks of compensation. All costs of this appeal are to be borne by defendant.
AFFIRMED.

. La.R.S. 23:1221(4)(p) provides:
(4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or suffers a permanent hearing loss solely due to a single traumatic accident, or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability.