WILLIAMS, Judge,
dissents.
The majority holds that claimant’s injury was proven permanent, but not serious as contemplated by the statute. The majority’s analysis should have ended there, as LSA-R.S. 23:1221(4)(p) provides for recovery of benefits only where claimant proves that the disfigurement is permanent and serious. Only then should the amount of compensation be established.
The primary purpose of Worker’s Compensation Law is to replace lost wages and to compensate for the lost capacity to earn wages, not to compensate for pain and suffering. Brooks v. Chicóla, 514 So.2d 7, 11 (La.1987). I fail to see how a burn on the wrist impairs earning capacity in this case. Even if we were to hold as the First Circuit did in Zycha v. Great Atlantic & Pacific Tea Company, Inc., 551 So.2d 676 (La.App. 1st Cir.1989), that it is inherent in the worker’s compensation statute that disfigurement impairs earning capacity, and therefore, all the plaintiff must prove is the seriousness and permanency of the disfig-urment, claimant in this case still did not satisfy his burden of proof under the statute, and compensation should not have been awarded.
Accordingly, I respectfully dissent.