BROWN, Judge.
In this workers’ compensation case, plaintiff sustained second and third degree burns to his left arm and leg. This appeal by. plaintiff deals only with the amount awarded for residual and permanent scarring. Although finding that the scarring was serious and permanent, the hearing officer allowed only 20 weeks of permanent partial disability benefits. For the reasons set forth below, we reverse and increase the benefits.

FACTS

Plaintiff, Billy D. Hicks, was employed as a rig hand by defendant, Grayco, Inc. On July 12, 1990, while steam cleaning oilfield equipment, Hicks sustained second and third degree burns to his left arm and leg. His treatment required skin grafts from his left thigh to his lower left leg. Before the accident, Hicks had scars on his left leg from a prior acid burn and knee surgery.
U.S. Fire Insurance Company, the workers’ compensation insurer, paid Hicks’ medical expenses and weekly benefits until Hicks was able to return to work on December 27, 1990.
Hicks filed a claim with the Office of Workers’ Compensation seeking benefits for residual and permanent scarring. The hearing officer found that while the scars on Hicks’ leg were serious and permanent, they *1096 warranted only 20 weeks of compensation for permanent partial disability. Because the compensation insurer was entitled to a credit under the provision of LSA-R.S. 23:1223(A) for the 24 weeks of benefits already paid, no further benefits were due plaintiff. It is from this judgment that Hicks appeals.

DISCUSSION

Plaintiff asserts that his ease is factually indistinguishable from Zycha v. Great Atlantic & Pacific Tea Company, 551 So.2d 676 (La.App. 1st Cir.1989), and seeks an award of disability benefits for an additional 76 weeks. LSA-R.S. 23:1221(4)(p) provides in part that where the employee is seriously and permanently disfigured, compensation not to exceed 66%% of wages may be awarded for a period of up to 100 weeks. Because defendants paid compensation benefits to plaintiff for 24 weeks, the maximum period for which plaintiff could be awarded additional benefits is 76 weeks.
In Zycha, supra, plaintiff sustained second and third degree burns to his left thigh from a hot grease spill. Zycha underwent three skin graft operations and returned to work one month after his accident. The employer paid all medical expenses and four weeks of disability compensation. Zycha filed a claim seeking additional benefits for permanent partial disability pursuant to LSA-R.S. 23:1221(4)(p).
The trial court awarded Zycha 75 weeks of compensation, subject to a credit to defendant for the disability benefits already paid. Citing Brooks v. Chicola, 514 So.2d 7 (La.1987), the Zycha court found that it was inherent in LSA-R.S. 23:1221(4)(p) that the specified injuries, including disfigurement, do impair earning capacity. Thus, the injured worker was required to prove only the seriousness and permanency of the disfigurement.
Factual findings in workers’ compensation cases are entitled to great weight. The appellate standard of review applicable to a workers’ compensation hearing officer’s findings is the manifest error/elearly wrong test. Alexander v. Pellerin Marble & Granite, 630 So.2d 706 (La.1994); Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); Key v. Insurance Company of North America, 605 So.2d 675 (La.App. 2d Cir. 1992).
|sIn the instant case, the hearing officer found that plaintiffs scars were serious and permanent. We accept this finding; however, we find that the hearing officer was clearly wrong'manifestly erroneous in awarding permanent partial benefits for a period of only 20 weeks.
In her reasons for judgment, the hearing officer erroneously referred to Dr. Ted Huang as plaintiffs treating physician. The record reveals, however, that Dr. Huang examined Hicks on one occasion, July 9, 1991. At that time, plaintiff complained of a burning sensation in his leg and the occasional breakdown of the skin in the areas of the skin grafts. Although in Dr. Huang’s opinion, the permanent disability would be limited to superficial scarring, he did note discoloration and patchy areas of scarring on Hicks’ lower leg.
Dr. Wayne Sessions was plaintiffs treating physician. His progress notes reveal that plaintiff sustained third degree burns to his lower left leg and left arm. Four months post-operative, Dr. Sessions found scarring and increased pigmentation. Dr. Sessions found scarring and increased pigmentation. Dr. Sessions referred Hicks to Dr. Stephen Ramey, a plastic surgeon, for an evaluation of the extent of his cosmetic disability.
Dr. Ramey found that Hicks’ arm and lower leg would be permanently scarred. He noted that there was slight thickening of the scars, some cobblestoning and perhaps the development of early hypertrophy in Hicks’ lower leg.
The photographs introduced into evidence depict the discoloration and scarring of Hicks’ left leg. Plaintiff testified that he has a strange sensation in his left leg when he wears shorts or a bathing suit on a sunny day. He and his wife now live in Galveston, Texas, and he has to keep his leg covered whenever he is going to be exposed to the sun.
14At the time of trial, plaintiff was employed by Baker Concrete of Galveston, per *1097 forming concrete repair and finishing work. Plaintiff testified that he wears knee pads and uses a concrete board to prevent further disfigurement and scarring.
The claimant in Zycha, supra, was awarded permanent partial disability compensation for 75 weeks for a similar injury. While Zycha was unable to work for one month, plaintiff could not return to work for a period of 5½ months.
We find that the evidence supports an award to plaintiff of permanent partial disability benefits in the amount of 66%% of his wages for a period of 100 weeks. It was stipulated at trial that 66%% of plaintiffs wages was $235.64 per week. After giving defendants credit for the 24 weeks of benefits previously paid, Hicks is entitled to an award of compensation for 76 weeks.

CONCLUSION

For the reasons set forth above, the judgment is reversed and plaintiff is awarded permanent partial disability benefits in the amount of $285.64 per week for 76 weeks, together with legal interest on all sums due. All costs, here and below, are to be paid by defendants.