11 LABORDE, Judge.
Plaintiff-appellant was nineteen years old and employed by defendant in a pizza kitchen on March 30, 1991, when he slipped and fell, injuring his teeth in the fall. The hearing officer concluded that claimant was not entitled to relief under LSA-R.S. 23:1221(4)(p) because the dentally reformed teeth appeared no different from his originals. We reverse.
Workers who lose teeth are entitled to relief under our workers compensation scheme, even where the prosthesis represents a cosmetic or functional improvement over the originals. Jenkins v. Orleans Parish School Board, 310 So.2d 831 (La.1975) (worker’s teeth rendered “non-vital” — and therefore compensable — by a workplace accident).
Moreover, we believe that defendant’s failure to pay plaintiff benefits warrants imposition of penalties and attorney fees. Jenkins, supra, stands for the proposition that relief is warranted for the loss of teeth arising from a workplace accident regardless of whether the teeth are removed by trauma at the workplace or by scalpel as a consequence of the workplace trauma. The question was clearly one of quantum, not of liability, and defendant’s failure to offer a reasonable tender unconditionally exposes it to sanctions. See Hanks v. CRC Holston, Inc., 430 So.2d 1340, 1345 |2(La.App. 3d Cir.), writ denied, 438 So.2d 576 (La.1983) and Fruge v. Hub City Iron Works, Inc., 131 So.2d 593, 599 (La.App. 3d Cir.1961) (and generally).
Since the record before us is complete for present purposes, we render judgment. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). By stipulation, claimant earned $66.46 per week and was not temporarily or permanently totally disabled. We conclude that plaintiff is entitled to two-thirds his weekly salary, plus penalties and interest, for a period of one hundred weeks. We additionally award claimant attorney fees of $2500. Defendant to bear all costs of these proceedings.
REVERSED AND RENDERED.