JiDECUIR, Judge.
Damien Brumley, an employee of Med Express Ambulance Service, appeals a finding of the Office of Worker’s Compensation hearing officer awarding him $27,190.00 in compensation benefits for facial scarring and denying his request for penalties and attorney fees.
FACTS
On August 19, 1993, Brumley was injured when a train collided with the ambulance he was riding in while in the course and scope of his employment with Med Express. He was thrown from the vehicle and sustained numerous lacerations to the left side of his face.
Brumley was treated by Dr. Paula Formosa, a plastic surgeon in Alexandria. He was unable to work for 18 days and thereafter returned to work. During his time off, Louisiana Workers Compensation Corporation, Med Express’ compensation carrier, paid Brumley $307.00 per week. Due to a delay in receiving notice ofJjBrumley’s return to work, LWCC paid $1929.70 in excess benefits. A portion of this was returned, and Brumley made some return payments. However, when it became apparent that LWCC would possibly owe additional benefits for scarring, LWCC advised Brumley to stop the payments. At that time, a balance of $1290.70 existed in favor of LWCC for its overpayment.
On September 13, 1993, LWCC received a report from Dr. Formosa indicating that sometime six to twelve months after the accident, Brumley would consider procedures to minimize his scarring. On October 10, 1994, LWCC received notice that Dr. Formosa had conducted an examination on June 9, 1994, and that Brumley did not wish further revision on his cheek scarring but also indicated that he was considering further procedures on the scars to his nose. The October notice indicated that Brumley was to return for evaluation in three to six months. LWCC never received notice of the December 8, 1994 visit. However, the record reflects that Dr. Formosa suggested that further intervention could cause more damage and would provide little improvement. Dr. Formosa referred Brumley to Dr. Gustavo Colon in New Orleans for a second opinion.
The disputed claim for compensation had been filed by Brumley on August 31, 1994, and LWCC first received notice in the form of a Notice of Mediation on September 19, 1994. At the mediation, Brumley demanded one hundred weeks of compensation for the scarring. Based on representations by Brumley’s counsel that Brumley did not wish to undergo further revision, it was agreed that LWCC would pay an additional seventy weeks of compensation on the scarring claim. That same day, December 8, 1994, LWCC learned of the referral to Dr. Colon. After consultation with Brumley’s equally surprised counsel, the offer was withdrawn.
IgBrumley saw Dr. Colon on January 24, 1995. LWCC received his report on February 16, 1995. Dr. Colon recommended further surgery. At some point thereafter, which Brumley could not recall, he decided not to have further surgery.
LWCC reiterated its offer and on March 8, 1995, the offer was accepted in writing and again on March 15, 1995, by Brumley’s counsel. Apparently, in the course of negotiations, Brumley requested lump sum payment *664 rather than weekly installments and LWCC sought a release. Settlement documents and a check, were sent to Brumley on May 11, 1995. Based on an apparent misunderstanding regarding the amount of the check, it was returned to LWCC on May 31,1995. LWCC started weekly benefits on June 14, 1995, retroactive to January 27, 1995, the estimated time of Brumley’s decision not to seek further surgery. At the date of trial, Brum-ley had received thirty-two weeks of benefits.
At the hearing, Brumley was awarded benefits under La.R.S. 23:1221(4)(p) in the amount of fifty percent of his weekly wage ($543.81) for 100 weeks for a total of ($27,-190.00). In addition, the hearing officer found that defendants were not arbitrary and capricious in the handling of this claim and denied Brumley’s request for penalties and attorney fees.
Brumley lodged this appeal.
PENALTIES AND ATTORNEY FEES
By this assignment, Brumley alleges that the hearing officer erred in failing to award penalties and attorney fees for the arbitrary and capricious handling of this claim. We disagree.
Brumley’s primary argument is that the hearing officer misinterpreted our holding in Shumate v. Little Caesars, Inc., 93-1503 (La.App. 3 Cir. 6/1/94), 640 So.2d 774. Specifically, Brumley contends that the hearing officer misconstrued the ^following language:
The question was. clearly one of quantum, not of liability, and defendant’s failure to offer a reasonable tender unconditionally exposes it to sanctions.
(emphasis added) (citations omitted)
640 So.2d at 775.
The hearing officer interpreted this language to mean that the defendants were required to make a reasonable tender or be unconditionally exposed to sanctions. Whereas, Brumley contends that the defendants are required to make a reasonable tender unconditionally or in other words the tender must be unconditional.
Since the language in Shumate is admittedly unclear we have reviewed the source material. In Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App. 3 Cir.1961), we held that,
the offer of a sum in compromise, by acceptance of which the plaintiff would be required to release his claim for a greater amount of compensation alleged to be due, is not a tender such as will relieve the defendant insurer from the assessment of penalties for the arbitrary non-payment of compensation undoubtedly due.
131 So.2d at 599.
Clearly then, the hearing officer’s interpretation of Shumate is flawed. As we also noted in Fruge a tender by definition must be unconditional. To reiterate, we find that Shumate requires a reasonable and unconditional tender.
Unfortunately, our inquiry does not end there. La.R.S. 23:1201(F) provides for the assessment of penalties and attorney fees for failure to timely pay benefits payable under La.R.S. 23:1221(4)(p). However, La.R.S. 23:1201(F)(2) provides that an employer shall not be assessed penalties or attorney fees where the nonpayment results from conditions over which the employer has no control. It is here that the problem arises in this case.
Despite her misreading of Shumate, the hearing officer noted the good faith 15effort of LWCC to resolve the claim. The evidence clearly establishes that in December 1994, when Brumley first indicated he was not going to seek further treatment, LWCC promptly agreed to seventy weeks of benefits. Brumley chose to seek further treatment and the offer was withdrawn. On February 16, 1995, LWCC received a medical report from Dr. Colon indicating that Brum-ley wanted no further treatment. Brumley desired his payment in a lump sum rather than in the form of weekly benefits. LWCC agreed to accommodate him in exchange for a release and Brumley accepted on March 8, 1995 and again on March 15, 1995. Both of these dates are within thirty days of receiving notification of permanent disfigurement. LWCC issued a check, and Brumley again disrupted the proceedings by returning the *665 check and contesting the amount on May 31, 1995. Within two weeks LWCC commenced payment of weekly benefits.
The hearing officer noted these efforts on the part of LWCC and determined that they were not arbitrary and capricious. We find further that Brumley’s indeeisiveness, desire for lump sum payment, and inconsistent negotiation were all factors that delayed payment and were outside the control of LWCC. Accordingly, we find no error in the hearing officer’s factual finding that LWCC did not act arbitrarily and capriciously in the handling of this claim.
QUANTUM
Brumley next contends that the hearing officer erred in failing to award him benefits at the maximum rate of 66%% of his average weekly wage for 100 weeks. We disagree.
La.R.S. 23:1221(4)(p) provides outside limits of 66|% of average weekly salary and 100 weeks for disfigurement claims which may be awarded. The statute uses the permissive language “may” which gives the hearing officer discretion in | (¡making an award. Therefore, any such award is a factual determination in the sound discretion of the trial court. An appellate court should not disturb the factual findings of the trier of fact absent a finding of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no manifest error in the hearing officer’s award in this case.
For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs of this appeal are taxed to claimant, Damien Brumley.
AFFIRMED.