liDECUIE, Judge.
Sammy Hudson, an employee of Renaissance Builders, appeals a finding of the workers’ compensation judge awarding him fifty weeks of permanent partial disability benefits for disfigurement associated with the amputation and reattachment of his thumb.
FACTS
In the course and scope of his employment with Renaissance Builders, Hudson severed his thumb while operating a table saw. The thumb was later surgically reattached. Hudson was paid weekly indemnity benefits of $160.42 from December 7, 1995 through September 25, 1996. He was subsequently paid $1,283.36 for the period September 26, 1996 to November 20,1996.
Hudson filed a claim for benefits, and the matter was submitted on briefs to the workers’ compensation judge. Pursuant to La. R.S. 23:1221(4)(p), the workers’ compensation judge awarded fifty weeks of benefits at sixty-six and two-thirds percent l2of his weekly wage. Renaissance was given credit for the fifty weeks of payments previously disbursed. Hudson lodged this appeal.
LAW AND DISCUSSION
Hudson contends the trial court erred in failing to award one hundred weeks of benefits. We disagree.
The standard of review for findings of fact in a workers’ compensation case is *751 manifest error. Doucet v. Baker Hughes Prod. Tools, 93-3087 (La.3/11/94); 635 So.2d 166. An appellate court should not disturb the factual findings of the trier of fact absent a finding of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
La.R.S. 23:1221(4)(p) provides outside limits of sixty-six and two-thirds percent of average weekly salary and one hundred weeks for disfigurement claims which may be awarded. We have previously discussed the application of La. R.S. 23:1221(4)(p), in Brumley v. Med Express Ambulance Service, 96-197 (La.App. 3 Cir. 6/5/96); 676 So.2d 662. In that ease, the plaintiff disputed a trial court’s award of one hundred weeks of benefits at fifty percent of his average weekly wage. We found that the statute uses the permissive language “may” which gives the workers’ compensation judge discretion in making an award. Id. This conclusion applies equally to the percentage of salary awarded and to the number of weeks of benefits awarded. Accordingly, we find no manifest error in the workers’ compensation judge’s award in this case.
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of this appeal are taxed to claimant, Sammy Hudson.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.