|,EN BANC.
We revisit this case en banc to reconcile our ruling in this case with our ruling in Fontenot v. Reddell Vidrine Water District, 00-0762 (La.App. 3 Cir. 2/21/01), 780 So.2d 1197, regarding the interpretation of the penalty provision of La.R.S. 23:1201(F). In Fontenot, a divided five-judge panel of this court interpreted that statute to hold that, while the injured employee was entitled to receive a separate penalty for a violation in regard to an indemnity benefits claim and a separate penalty for a violation in regard to a medical benefits claim, the employee was entitled to receive only one penalty for the insurer’s failure in two respects regarding indemnity benefits, i.e., its miscalculation of indemnity benefits and its improper reduction of those benefits. Subsequently, in the case at bar, another panel of this court, faced with the same issue, adopted the dissenting opinion in Fontenot, permitting multiple penalties for multiple violations regarding indemnity and medical benefits claims. Haynes v. Williams Fence & Aluminum, 01-0026 (La.App. 3 Cir. 7/25/01), 805 So.2d 215. Thereafter, in Fontenot, the supreme court vacated our earlier ruling in that case and remanded the case to us to render judgment anew after reconciling our conflicting rulings. Fontenot v. Reddell Vidrine Water District, 01-0752 (La.10/26/01), 798 So.2d 951. Although we had rendered an opinion in this matter, procedurally it remained before this court on an application for rehearing addressing another issue. When called upon by the supreme court to reconcile our opinions on the limited issue involving the interpretation of La.R.S. 23:1201(F), we chose to allow the opportunity for argument in both cases, but in separate en banc hearings.
After considering our conflicting rulings, we choose to adhere to our original ruling *235 in Haynes, allowing for multiple penalties for multiple violations regarding indemnity and medical benefits claims. Thus, we affirm the decision of the original 13three-judge panel in this matter to amend the trial judgment to award Kenneth Haynes an additional $8,000.00 in penalties pursuant to La.R.S. 23:1201(F). Because we address only the penalty issue presented by the interpretation of La.R.S. 23:1201(F), we do not consider the other issues raised in the initial appeal or in the application for rehearing, and we leave those issues for determination by the original panel.
AFFIRMED AS AMENDED AS TO THE LIMITED ISSUE BEFORE THE COURT.
DOUCET, C.J., DECUIR, AMY, SULLIVAN and GREMILLION, JJ., dissent.