JjMIRIAM G. WALTZER, Judge.
The plaintiff was employed by defendant, National Gypsum Company, for over thirty years when he sustained an injury to his right knee in a work-related accident in June of 1999. The plaintiff sought workers’ compensation benefits from the defendant and eventually filed a complaint seeking such benefits. The workers’ compensation judge awarded plaintiff compensation benefits as well as penalties and attorney’s fees. The defendant sought review from this Court which affirmed the workers’ compensation judge’s judgment on 24 August 2001. Harris v. National Gypsum, Company, 2000-2275 (La.App. 4 Cir. 8/24/2001), 797 So.2d 739. On 5 November 2001, the plaintiff filed a motion to execute and enforce the judgment. The defendant filed a motion to stay the proceedings on 10 December 2001. The defendant argued that a stay was proper as the defendant’s insurer, Reliance Insurance Company, was placed in liquidation on 3 October 2001. After a hearing on 14 December 2001, the trial court rendered a written judgment granting plaintiffs motion to execute and enforce the judgment and denying the defendant’s motion to stay the proceeding. The defendant filed an application for supervisory writs with this Court and also filed a motion for appeal. On 12 March 2002, this Court, in writ 2002-0097, denied the defendant’s writ application, holding that the request for a stay of the proceedings was moot. See Harris v. National Gypsum Company, 2000-C-0097 (La.App. 4 Cir. 3/12/2002).
On appeal, the defendant assigns the following errors:
li>(l) The Office of Workers’ Compensation Judge was legally incorrect in denying the defendant’s Motion to Stay and ordering penalties and attorney’s fees be paid to the plaintiff in view of R.S. 22:1392 which required a stay of all proceedings against an insurer and its insureds to which it owes obligations under a policy of insurance when that insurer is placed in liquidation or is insolvent.
(2) The Office of Workers’ Compensation Judge was legally incorrect in awarding the plaintiff mileage and prescription expenses without any evidence of a relationship of those mileage and prescription expenses to the claimant’s work related injury.
(3) The Office of Workers’ Compensation Judge was legally incorrect in awarding penalties and attorney’s fees for the failure to pay mileage and prescription expenses when there was no evidence that those expenses were related to the claimant’s work related injury and/or because of the stay in effect under R.S. 22:1392.
(4) The Office of Workers’ Compensation Judge was legally incorrect and/or manifestly erroneous in awarding excessive attorney’s fees.
This Court considered defendant’s argument concerning his motion to stay proceedings in writ 2002-0097 and determined that the issue was moot. The Court stated “[ojver ninety days having passed since the 3 October 2001 Pennsylvania court’s Order of Liquidation respecting Relator’s insurer, Relator’s request for a stay is moot. LSA-R.S. 22:1392 A.” Harris v. National Gypsum Company, 2000-0097 (La.App. 4 Cir. 3/12/2002).
La. R.S. 22:1392(A) provides:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for ninety days from the date the insolvency is determined to permit proper defense by the association of all pending causes of action. In addi *639 tion, on ex parte motion or application by the association and for good cause shown, the court having jurisdiction over the proceedings incident to the liquidation of the insolvent insurer may extend that stay order for an additional ninety days.
The statute clearly provides that it applies only to an insolvent insurer which is a party or obligated to defend a party in court. In the present case, Reliance, the alleged insolvent insurer, was not a party to the case and was not cast in judgment. Nor does it appear that it was obligated to defend National Gypsum as the defendant initially represented to the court and the plaintiff that it was self-insured. The defendant also indicated on its application for a suspensive appeal bond that it was self-insured. Reliance has not appeared in the case and defendant has only mentioned its alleged relationship with Reliance after the plaintiff filed his motion to enforce and execute judgment. In fact, the defendant has sought the motion to stay on its own behalf. |a Reliance was never brought into the litigation. The worker’s compensation judge did not err in denying the defendant’s motion for a stay.
The defendant also argues that the worker’s compensation judge erred in ordering the defendant to pay plaintiff the prescription expenses and mileage costs submitted at the December 2001 hearing. The defendant contends that the plaintiff did not prove that the expenses were related to his injury. In the original judgment, the worker’s compensation judge concluded that the plaintiff was entitled to continuing medical benefits. That judgment was affirmed by this Court in Harris v. National Gypsum, 2000-2275 (La.App. 4 Cir. 8/24/2001), 797 So.2d 739. The prescription expenses and mileage costs arose from treatment the plaintiff received from the physician treating him for his work-related injury. The defendant was obligated to pay these expenses. The worker’s compensation judge did not commit error in ordering defendant to pay these bills.
In its third and fourth assignments of error, the defendant suggests that the worker’s compensation judge erred in imposing penalties and attorney’s fees for the failure to pay the prescription bills and mileage costs as well as for the failure to pay and continue to pay benefits ordered in the original judgment. The defendant also contends that the award of $6,000 for attorney’s fees is excessive. The defendant’s arguments are without merit.
In Levitz Furniture Corporation v. Home, 477 So.2d 824, 828 (La.App. 5 Cir. 1985), the Fifth Circuit noted:
Our statutory law states that an employer or insurer who discontinues payment of claims arbitrarily, capriciously, or without probable cause shall be subject to the payment of all reasonable attorney’s fees for the prosecution and collection for such claims. Louisiana Revised Statute 23:1202.2. When attorney’s fees are awarded in a worker’s compensation case because of arbitrary and capricious nonpayment of benefits, the attorney’s fees are deemed a penalty and the value of the attorney’s fees need not be proven. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). A trial judge is allowed to call upon his own experience and expertise in determining how much time and effort a lawyer has put into the preparation of the case. Lorque[Louque] v. Jack Eckard Drugstore No. 523, 405 So.2d 1097 (La.App. 4 Cir.1980).
In McCartney v. Orleans Parish School Board, 99-0515 (La.App. 4 Cir. 9/29/99), 743 So.2d 821, 825-827, this Court recognized that
*640 [a]n employer has a duty to furnish an injured employee with all necessary medical treatment caused by a work-related accident. R.S. 23:1203(A). In Brown (v. Texas-LA Cartages, Inc., 98-1063 (La.12/1/98), 721 So.2d 885), the Supreme Court stated that the arbitrary and capricious standard no longer applies to actions brought |4under La. R.S. 23:1201. The Court held that statutory penalties and attorney’s fees shall be awarded if the employer or insurer fails to timely pay benefits due claimant pursuant to La. R.S. 23:1201 unless: (1) the claim is reasonably controverted or (2) such nonpayments results from conditions over which the employer or insurer had no control. Id. The Court noted that the arbitrary and capricious standard still applies in claims made under La. R.S. 23:1201.2 where payments have been discontinued.
* * *
The decision of a trial judge to award penalties and attorney’s fees is a factual determination and should not be disturbed on appeal unless clearly wrong. Lemoine v. Schwegmann Giant Supermarkets, Inc., 607 So.2d 708 (La.App. 4 Cir.1992), unit denied, 609 So.2d 258 (La.1992).
The factors to be considered in the imposition of an award for attorney’s fees in worker’s compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered and the amount of time devoted to the case. Ward v. Phoenix Operating Co., 31,656 (La.App. 2 Cir.2/24/99), 729 So.2d 109.
In the present case, the' defendant had been cast in judgment and the judgment affirmed on appeal by this Court. The defendant did not seek rehearing or file an application for supervisory writs with the Louisiana Supreme Court. The judgment was final on 24 September 2001 and defendant should have begun paying the worker’s compensation benefits due plaintiff. The defendant contends that it made a few payments and stopped when Reliance was placed in liquidation. The defendant argues that it had a basis to stop making payments under LSA-R.S. 22:1392(A). However, as discussed above, the defendant was not entitled to a stay order and should have continued making payments. The failure of defendant to continue making payments required the plaintiff to file a motion to enforce and execute the judgment. Further, the defendant had no basis not to pay the costs of the prescription drugs and mileage submitted by the plaintiff. The judgment stated that the plaintiff was entitled to continuing medical benefits.
Accordingly, the worker’s compensation judge’s ruling is affirmed.
AFFIRMED.