I tMICHAEL E. KIRBY, Judge.
In this workers’ compensation action, the Office of Workers’ Compensation (OWC) awarded claimant, Lois Dordain, permanent partial disability benefits, attorney’s fees and penalties. Defendants, Messina’s Pasta, Inc. d/b/a Anthony’s Seafood and Lobster House, and its insurer, the Louisiana Restaurant Association Self Insurer Fund, appeal that decision. We affirm.
On February 6, 2002, claimant was injured in a slip and fall accident while working as a kitchen manager for defendants. *1167 As a result of the fall, claimant lost one lower tooth, immediately and a second lower tooth shortly thereafter.
On March 15, 2002, claimant’s own dentist, Dr. Roscoe Wilks, examined her. Claimant was thereafter seen and treated by defendants’ dentist, Dr. Brian. LeBon, on March 28, 2002. Both dentists determined that claimant had severe periodontal disease and that she already had several teeth missing. Dr. LeBon specified that claimant’s severe periodontal disease predated February 6, 2002. Ultimately, Dr. LeBon pulled all of claimant’s remaining lower teeth and fitted her with a full lower denture. Dr. LeBon testified that due to the fact that claimant’s existing lower teeth were unsound, it was impossible to fit her with a partial denture and that a full denture was the only feasible option.
D.On January 15, 2003, defendants informed claimant by letter that a check was being forwarded to her in the amount of $5,000.25, which represented 15 weeks of benefits at the weekly compensation rate of $333.35.
Trial on the merits was held on January 28, 2003, before OWC Sean Jackson. Judgment was rendered'on March 6, 2003 in favor of claimant,- awarding her perma-' nent partial disability benefits for 60 weeks, exclusive of the 15-week tender already made by defendants. The following findings were made:
1. On February 6, 2002, the claimant was an employee of Messina’s Pasta, Inc., which was insured by the Louisiana Restaurant Association.
2. The claimant was involved in an accident on February 6, 2002, which arose out of and was within the course and scope of her employment.
3. The claimant’s average weekly wage was $500.00, and the weekly compensation rate is $333.35.
4. The claimant was injured as a result of the accident. . ■
5. Pursuant' to La. R.S. 23:1221(4)(p), the claimant is entitled to permanent partial disability benefits for 60 weeks, exclusive of the 15 weeks unconditional tender already made by defendant.
6. The defendant failed to timely pay workers’ compensation benefits pursuant to La. R.S. 23:1201D; and the defendant did not reasonably controvert the claim nor did it occur due to conditions over which defendant had no control; and
For the violation of La. R.S. 23:1201 D, the judge awarded claimant attorney’s fees in the amount of $5,000.00, which were assessed against the defendant insurer, the Louisiana Restaurant Association. The judge also assessed a penalty in the amount of 12% of the unpaid compensation or a total of not more than $50.00 per calendar day, whichever is greater, but with the $50.00 per day penalty not to exceed an aggregate of $2,000.00 against the defendant insurer, the Louisiana Restaurant Association, under La. R.S. 23:1201 F. . .
|sOn appeal, defendants first argue that the OWC judge erred in finding that claimant was disfigured for purposes of La. R.S. 23:1221(4)(p), as the testimony of both dentists established that claimant suffered from severe periodontal disease, and Dr. LeBon specified that the periodontal disease was a pre-existing condition. Specifically, defendants argue that the medical evidence presented at trial demonstrated that claimant was disfigured prior to the accident and not as a result of the accident.
In support. of their argument, defendants rely on Dr. LeBon’s deposition testi *1168 mony that claimant had several teeth missing before the accident, that she had “broken down roots” in her mouth, and that she had severe periodontal disease. Defendants also point to Dr. LeBon’s statement that due to claimant’s periodontal disease, her teeth “could have fallen out from anything such as eating, brushing her teeth with some force, having someone or something hit her.” Defendants further submit that claimant’s own dentist confirmed claimant’s periodontal disease and missing teeth.
In response, claimant contends that the award of permanent partial disability benefits was supported by the evidence and is consistent with our jurisprudence. Claimant asserts that it was undisputed that she was involved in a work-related accident, and that she suffered the loss of two teeth. Moreover, claimant argues that the Louisiana courts have consistently held that the loss of teeth in a work-related accident is considered a permanent disfigurement and is compensable.
The OWC judge found that pursuant to La. R.S. 23:1221(4)(p), claimant was entitled to permanent partial disability benefits for 60 weeks, exclusive of the 15 weeks unconditional tender already made by defendants. La. R.S. 23:1221(4)(p) provides in pertinent part:
14(4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss or use or amputation and shall be as follows:
(p) ... where the employee is seriously and permanently disfigured ... compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded.
It is well established in our jurisprudence that the loss of a natural tooth is considered a permanent disfigurement under the workers’ compensation statute. Our Supreme Court in Jenkins v. Orleans Parish School Board, 310 So.2d 831 (La.1975), has stated:
[Cjompensation jurisprudence has consistently allowed disfigurement-impairment awards for loss of natural teeth and, in doing so, has rejected contentions of non-compensability because dentures were claimed to be a cosmetic or functional improvement. Whatever temporary artificial aid dentures might provide, the employee has permanently lost part of his body due to an accident at work. Since without dentures the employee has no teeth, the courts have held that despite dentures, the employee may be considered seriously disfigured and his function of chewing as seriously impaired.
Id. at 832.
The jurisprudence on workers’ compensation has also consistently held that a pre-existing disease or infirmity of the employee does not disqualify a claim if the work-related injury aggravated the condition. Brock v. Morton Goldberg Auction Galleries, Inc., 95-1324 (La.App. 4 Cir. 3/14/96), 671 So.2d 1008. Specifically, the courts have allowed awards for permanent partial disability in the loss of a tooth when a pre-existing dental condition was found. Hanks v. CRC Holston, Inc., 430 So.2d 1340 (La.App. 3 Cir.1983); Daigle v. Biasingame, 162 So.2d 351 (La.App. 3 Cir.1964).
In the present case, we find that the award of permanent partial disability is consistent with the above jurisprudence. The evidence presented, including the | .^opinion of Dr. LeBon, supports a finding that claimant lost two teeth in a work-related accident, and that due to pre-exist-ing periodontal disease, the extraction of claimant’s lower teeth was necessary in order to fit the lower denture and correct *1169 her condition. This assignment of error is without merit.
Defendants’ next argument is that the OWC judge erred in assessing attorney’s fees and penalties. Defendants contend that they acted reasonably and had sufficient medical information to controvert claimant’s assertion that she was disfigured as a result of the accident. In particular, defendants relied on the opinion of Dr. LeBon that claimant was not disabled from the accident and that the preexisting periodontal disease was the reason she lost her teeth in the fall.
Defendants also take issue with the judge’s finding that they received the initial medical report from Dr. LeBon on April 3, 2002, but did not tender payment for permanent partial disability until January 15, 2003. With respect to that finding, defendants submit that Dr. LeBon’s statements do not unequivocally indicate that claimant was disfigured as a result of the accident. To the contrary, defendants point out that Dr. LeBon did not find claimant to be disabled as a result of the accident and attributed claimant’s tooth loss to her periodontal disease. As such, defendants contend that the award of attorney’s fees and penalties was manifestly erroneous.
In response, claimant asserts that the actions or lack of action by defendants justify the ruling, particularly in light of the testimony of defendants’ insurance adjuster, Ms. Patricia Monjure. Ms. Mon-jure’s testimony revealed the following: 1) that claimant was not given an appointment with Dr. LeBon for almost two months after the accident; 2) that despite the recommendation from Dr. LeBon that claimant needed an entire lower denture, defendants agreed to pay only a | ^portion of the cost of the procedure; 3) that only after litigation commenced did Ms. Mon-jure agree to pay for claimant’s dentures; 4) that Ms. Monjure was aware that claimant’s claim included a claim for disfigurement, when it was filed on May 9, 2002; however, claimant was offered nothing for that claim until January 15, 2003, less than two weeks before trial; and 5) that Ms. Monjure testified that the only investigation she did in relation to the disfigurement claim was to review the workers’ compensation statute.
We find no error in the award of attorney’s fees and penalties. La. R.S. 23:1201 D provides in pertinent part:
Installment payments payable pursuant to La. R.S. 23:1221(4) shall become due on the thirtieth day after the employer or insurer receives a medical report giving. notice of the permanent partial disability on which date all such compensation then due shall be paid.
The OWC judge correctly found that defendants made the tender of fifteen weeks of compensation benefits well after the thirty days from the time the medical report was received, making it clear that claimant suffered permanent disfigurement from the loss of two teeth. We find that under the recited circumstances, defendants knew that claimant lost two teeth in a work-related accident, but failed to make a reasonable effort to investigate the claim.
It is also apparent from a review of the record that defendants did not have competent medical evidence to reasonably controvert claimant’s claim. The Supreme Court, in Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, held that statutory penalties and attorney’s fees shall be awarded if the employer or insurer fails to timely pay benefits due claimant pursuant to La. R.S. 23:1201 unless: (1) the claim is reasonably controverted or (2) such nonpayment [7results from conditions over which the employer *1170 or insurer had no control. The Brown case states as follows:
In general, one can surmise from the plain meaning of the words making up the phrase “reasonably controvert” that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant’s right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
Id. at p. 9, 721 So.2d at 890.
As further explained in Brown, quoting Weber v. State, 93-0062, p. 8 (La.4/11/94), 635 So.2d 188, 193, the purpose of an imposition of penalties is to “nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation.” Id. at p. 13, 721 So.2d at 893.
The decision of a trial judge to award penalties and attorney’s fees is a factual determination and should not be disturbed on appeal unless clearly wrong. Harris v. National Gypsum Co., 2002-0674 (La.App. 4 Cir. 10/2/02), 829 So.2d 637. In view of the record and the jurisprudence, we conclude that the defendants unreasonably refused to compensate claimant for her disfigurement. As stated above, the jurisprudence has positively established that the loss of teeth in itself is sufficient to qualify for benefits under La. R.S. 23:1221(4)(p). Jenkins, supra; Berkel v. Aetna Casualty & Surety Co., 462 So.2d 1287 (La.App. 5 Cir.1985). Accordingly, we uphold the award of attorney’s fees and penalties.
| RClaimant has not appealed or answered this appeal and is therefore not entitled to additional attorney’s fees for defending the appeal as requested in her brief. It is well established that this court is precluded from addressing any claim for modification of a judgment by a party who failed to file an appeal or answer the appeal. La. C.C.P. art. 2133; U.S. Fidelity and Guaranty Co. v. Hurley, 96-1421 (La.App. 4 Cir. 8/6/97), 698 So.2d 482; Jones v. Gillen, 564 So.2d 1274 (La.App. 5 Cir.1990).
For the reasons stated above, the judgment of the OWC is hereby affirmed.
AFFIRMED.