LEON A. CANNIZZARO, JR., Judge.
| t This case involves a workers’ compensation claim filed by the plaintiff, Calvin Barnes, against Plaquemines Parish Solid Waste[1] (the “Employer”). Judgment was rendered in favor of Mr. Barnes, and the Employer is appealing.
FACTS AND PROCEDURAL HISTORY
Mr. Barnes was a sanitation worker. He sustained injuries on August 14, 2003, when the support step of a garbage truck that he was riding collapsed, causing him to.fall onto the pavement below. The driver of the truck continued driving the truck forward, dragging Mr. Barnes approximately ten feet before the truck stopped. Mr. Barnes was injured as a result, and he sought medical treatment from a number of medical providers.
On December 18, 2003, Mr. Barnes filed a disputed claim for workers’ compensation. The disputed claim was subsequently amended to allege that Mr. Barnes’ workers’ compensation benefits were wrongfully terminated.
| ¡.The parties submitted -the matter to the workers’ compensation judge on briefs, and they also entered into a consent judgment on several issues. A judgment was rendered on August 17, 2006.
The judgment held that Mr. Barnes suffered a compensable work injury on August 14, 2003. The judgment also held *1280 that the Employer failed to controvert the entitlement to payment of the medical bills of West Jefferson Anesthesia Group (“West Jefferson”) and George Van Worm-er, D.C. and for physical therapy and that the Employer arbitrarily and capriciously failed to pay timely the medical bills for those providers and services. The judgment further held that Dr. Van Wormer’s medical bill was reasonable and necessary and must be paid according to the workers’ compensation fee schedule. Finally, the judgment ordered that a penalty in the amount of $6,000.00 was to be assessed against the Employer and that attorney’s fees in the amount of $4,000.00 were to be awarded.
The Employer is now appealing the penalty award of $6,000.00 and the attorney’s fees award of $4,000.00. Additionally, the Employer is claiming that the workers’ compensation judge erroneously found that the Employer was arbitrary and capricious in paying Dr. Van Wormer only the $750.00 statutory amount set forth in La. R.S. 23:1142(B)(1), which provides in relevant part that “each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergen-cy testing or treatment without the mutual consent of the payor and the employee. ...”
DISCUSSION
Standard of Review
In Winford v. Conerly Corp., 04-1278, p. 15-16 (La.3/11/05), 897 So.2d 560, 569-570, the Louisiana Supreme Court discussed the appellate standard of preview to be applied in workers’ compensation cases. The Supreme Court stated that such cases are subject to the manifest error or clearly wrong standard of review. The appellate court is required to determine whether the factfinder’s conclusions were reasonable. Where there are two permissible views of the evidence, the factfinder’s choice between the two views cannot be manifestly erroneous or clearly wrong. Therefore, even if an appellate court is convinced that it would have weighed the evidence differently if it had been the trier of fact, the appellate court may not reverse the fact-finder’s findings of fact if they are reasonable in light of the record reviewed in its entirety.
In Dordain v. Anthony’s Seafood & Lobster House, 03-0900, p. 7 (La.App. 4 Cir. 11/05/03), 860 So.2d 1166, 1170, this Court stated that a decision to award penalties and attorney’s fees is a factual determination. Such a decision should, therefore, not be disturbed on appeal unless it is clearly wrong. Id.
Assignments of Error

Assignment of Error No. 1: The award of $6,000.00 as penalties for the untimely payment to West Jefferson Anesthesia Group and the non-payment to Dr. Van Wormer exceed the maximum of $2,000.00 per health care provider set forth in La. R.S. 2S:1201(F).

[2]

In the instant case the workers’ compensation judge awarded $6,000.00 in penalties against the Employer. La. R.S. 23:1201(E) provides that “[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.” La. R.S. 23:1201(F) provides in relevant part:
*1281 Failure to provide payment ... shall result in the assessment of a penalty in an amount up to the | ¿greater of twelve percent of any unpaid ... medical benefits, or fifty dollars per calendar day for each day in which any and all ... medical benefits remain unpaid ... together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
In the instant case the judgment named two medical providers whose bills were not paid timely in accordance with La. R.S. 23:1201(E). The providers were West Jefferson and Dr. Van Wormer.[3]
In the case of West Jefferson, on March 30, 2004, the workers’ compensation insurer received West Jefferson’s bill for the medical services that were rendered to Mr. Barnes, and the bill was paid on June 21, 2004. Thus, the bill was paid twenty-one days beyond the sixty-day payment period permitted by statute. The penalty for the late payment under La. 23:1201(F) should have been $50.00 per day for 21 days, or a total of $1,050.00.
In the case of Dr. Van Wormer, he was paid the statutory maximum of $750.00 in accordance with La. R.S. 23:1142(B)(1). The workers’ compensation judge, however, found that the treatments given by Dr. Van Wormer were “reasonable and necessary.”
Our review of the record reflects that Dr. Van Wormer was sent a letter dated October 6, 2003, in which he was requested (1) to advise the workers’ compensation insurer’s utilization review company whether the treatment provided for Mr. Barnes was related to an acute injury or, to an exacerbation of a pre-existing condition and (2) to describe the medical necessity of his treatment plan as it ^related to Mr. Barnes’ August 14, 2003 injury. Dr. Van Wormer responded to the October 6, 2003 letter in a reply that was dated October 24, 2003, and the questions raised in the October 6, 2003 letter were generally addressed. Dr. Van Wormer stated that Mr. Barnes’ treatment was for the injuries he sustained on the job on August 14, 2003, and he set forth his recommended treatment plan. Dr. Van Wormer additionally noted the amount of improvement in Mr. Barnes’ condition since he had been treated by Dr. Van Wormer.
Based on the record before us, we conclude that the workers’ compensation judge was not clearly wrong in concluding that the medical treatment provided by Dr. Van Wormer was reasonable and necessary. The record also reflects that Dr. Van Wormer’s bills were submitted to the insurer but were never paid except for the payment of the $750.00 statutory amount under La. R.S. 23:1142(B)(1). We, therefore, find that the workers’ compensation judge properly assessed a penalty in the maximum amount of $2,000.00 in connection with the nonpayment of Dr. Van Wormer’s bills.[4]
Although the workers’ compensation judge found that Mr. Barnes was entitled to the payment of his medical bills for “physical therapy,” there is no named provider of these services. Westbank Health Care Center (“Westbank”) provided physical therapy to Mr. Barnes, but the record reflects that the bill from Westbank was received by the insurer on April 11, 2005, and that it was paid on May 18, 2005, well *1282 within the statutory time period for paying the bill. Therefore, no penalty should have been imposed in connection with the physical therapy bill from Westbank.
|fiWe find that a total of $3,050.00, rather than $6,000.00 should have been awarded in penalties. We hereby award a penalty in the amount of $2,000.00 in connection with the non-payment of Dr. Van Worm-er’s bill and $1,050.00 in connection with the late payment of the bill submitted by West Jefferson.

Assignment of Error No. 2: The award of $4,000.00 in attorney’s fees is manifestly erroneous and an abuse of discretion.

The Employer contends that because the penalties awarded in the instant case were excessive and must be reduced, the award of attorney’s fees must likewise be reduced. We find this contention to be without merit.
La. R.S. 23:1142(D) provides in relevant part as follows:
If the payor has not consented to the request to incur more than a total of seven hundred fifty dollars for any and all nonemergency diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court ... that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer ... shall be liable to the employee ... bringing the action for reasonable attorney fees related to this dispute....
(Emphasis added.)
In Moore v. City of New Orleans, 02-1036, p. 13-14 (La.App. 4 Cir. 1/29/03), 839 So.2d 380, 389, this Court stated that “even though the primary consideration in the imposition of attorney’s fees [in workers’ compensation cases] is to discourage certain offensive behavior on the part of the employer or insurer, the amount of statutory attorney’s fees awarded is intended to fully compensate the employee’s attorney, thereby benefiting the employee, for his services rendered in connection with the litigation.” (Emphasis in original.) In the instant case the workers’ compensation judge determined that the medical bills addressed in the judgment were all reasonable. Thus, there was no probable cause to withhold |7payment for the medical services. Therefore, Mr. Barnes is entitled under La. R.S. 23:1142(D) to an award of attorney’s fees. Because we find that the amount of the award of attorney’s fees was neither clearly wrong nor manifestly erroneous based on the legal work evidenced by the record before us, we hereby affirm the award of attorney’s fees in the amount of $4,000.00.

Assignment of Error No. S: Based upon Dr. Van Warmer’s lack of cooperation in responding to the request for information for the insurance administrator, it was manifestly erroneous to find that the defendant employer was arbitrary and capricious in paying Dr. Van Wormer only the $750.00 fee for unauthorized treatment.

As we have discussed in connection with the first assignment of error, we do not find that Dr. Van Wormer failed to cooperate in responding to the request for information by the workers’ compensation insurer’s utilization review company. This assignment of error is, therefore, without merit.
DECREE
The award of $6,000.00 in penalties is hereby reduced to $3,050.00. The remainder of the judgment of the workers’ compensation judge is hereby affirmed.
AMENDED IN PART AND AFFIRMED AS AMENDED.

. The record reflects that Plaquemines Parish Solid Waste is also known as Plaquemines Parish Government.

. We note that Mr. Barnes’ brief contends that additional penalties should have been awarded for the Employer's failure to pay timely two other health care providers, but we will not consider this issue, because Mr. Barnes neither appealed the judgment nor filed an answer to the appeal.

. The fifty dollar per day penalty in the case of these providers would be greater than a penalty of twelve percent of the unpaid bill.

. Dr. Van Wormer’s bill was unpaid for more than forty days, so the maximum penalty is applicable.