# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 10-707

EDWARD COX

VERSUS

PORT AGGREGATES, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 09-05011
HONORABLE SAM LOWERY, WORKERS' COMPENSATION JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**H. Douglas Hunter**
**Michael D. Bass**
**P.O. Drawer 1329**
**Opelousas, LA 70571-1329**
**Counsel for Defendants/Appellants:**
    **Port Aggregates, Inc. and Bridgefield Insurance Co.**

**Thomas E. Townsley**
**711 Pujo St.**
**Lake Charles, LA 70601**
**Counsel for Plaintiff/Appellee:**
    **Edward Cox**

**PAINTER, Judge**.

Defendants, Port Aggregates, Inc. (Port) and Bridgefield Casualty Insurance Co. (Bridgefield), appeal the judgment of the Office of Workers' Compensation finding that Plaintiff, Edward Cox, sustained a compensable injury in the course and scope of his employment with Port, that he is entitled to all medical treatment related to the injury, and awarding a penalty of $6,000.00 and attorney's fees of $7,500.00.

## FACTS

Plaintiff was employed as a cement truck driver for Port. His job duties included picking up and positioning the metal chutes which channel the cement from the truck to a form. The undisputed testimony from the trial of this matter establishes that at some point in early 2009, Plaintiff began suffering from neck, right shoulder and right arm pain especially when handling the chutes. In May 2009, his wife found out that he was in pain and made him go to the emergency room at Lake Charles Memorial Hospital. The emergency room doctor disabled him from working and told him to find an orthopedic specialist to treat him. Mrs. Cox called Tiffany Reed, the human resource director at Port, and told her that Plaintiff had been injured and would be filing a workers' compensation claim. Plaintiff began seeing Dr. David Drez, who later referred him to Dr. Clark Gunderson. Dr. Gunderson recommended physical therapy, but Bridgefield refused to authorize it and refused to pay for the visit to Dr. Gunderson. Plaintiff also received medical care from Dr. Jerome Altimura, who also found Plaintiff to be unable to work.

The matter was tried on October 12, 2009. After hearing the evidence, the Workers' Compensation Judge ruled in favor of Plaintiff. Defendants appeal.

1

**DISCUSSION**

Work-related Injury

Defendants assert that Plaintiff is not entitled to workers' compensation benefits because he failed to prove he suffered an actual identifiable, precipitous event that caused his injury.

> [Louisiana Revised Statutes] 23:1021 defines "accident" for purposes of Title 23, Labor and Workers' Compensation, Chapter 10, Workers' Compensation: "(1) 'Accident' means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." A claimant must establish by a preponderance of the evidence that an accident occurred on that job site and that an injury was sustained. *Garner v. Sheats & Frazier*, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. "A workers testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Bryan v. Allstate Timber Co.*, 98-840, p. 3 (La.App. 3 Cir. 12/16/98); 724 So.2d 853, 855.

*Ricaud v. Holloway Sportswear, Inc.*, 98-1422, p. 14 (La.App. 3 Cir. 5/26/99), 741 So.2d 124, 134, *writs denied*, 99-1822, 99-1882 (La. 10.1.99), 748 So.2d 454, 455.

Plaintiff testified that he began having neck and shoulder pain while lifting chutes about six weeks before he went to the doctor. Both he and his wife testified that he had previously been in good health and free of neck or shoulder pain. He further testified that when he began feeling pain, he went to the fleet manager, Stuart Guinn, and told him that he was hurting and asked to be moved to an aggregate truck which is "less physical." Guinn agreed that Plaintiff asked to change to an aggregate truck but did not remember being told that this was because of pain or injury. Guinn testified that Plaintiff was one of the company's best drivers and that he had never known Plaintiff to be dishonest or devious. Phillip Green, a co-worker, testified that

2

he had heard Plaintiff complaining of neck and shoulder pain for a couple of months before he became disabled. The trial court found that Plaintiff suffered a work related injury stemming from the repetitive motions involved in his job. In *Ricaud*, the court explained that:

> [E]ven though Plaintiff could not isolate the exact repetitive motion that caused her injury, "[h]er inability to do so is not unreasonable under the circumstances; in other words, absent any significant contradictory evidence, it does not cast suspicion as to the accident or incident causing the disability." Defendant argues that Plaintiff's injury falls under the statutory exemption of an injury that is nothing "more than simply a gradual deterioration or progressive degeneration." This court has considered this language in *Guilbeaux v. Martin Mills, Inc.*, 93-1359, p.5 (La.App. 3 Cir. 5/4/94); 640 So.2d 472, 475,writ denied, 94-1444 (La.9/23/94); 642 So.2d 1291. In *Guilbeaux*, the claimant suffered a repetitive motion injury from her job as a "cut-tube" in a production line. Considering La.R.S. 23:1021, this court explained:
>
>> We must add our voices to those before us regarding the interpretation of "which is more than a gradual deterioration or progressive degeneration." Surely, this phrase does not relate to an injury which is clearly spurred by work activity, such as that in the case *sub judice*, but only to non-work related activities. For to interpret it otherwise, would lead to an absurd result as it would negate the very purpose for which the Worker's Compensation Act was instituted; namely to provide relief to employees whose work has caused them injury.

*Id.* at 134.

In light of the testimony and corroborating medical evidence, we find no manifest error in the trial court's determination that Plaintiff suffered an injury compensable under the Louisiana Workers' Compensation Statute.

Penalties and Attorney's Fees

Defendants next assert that no awards of penalties and attorney's fees should have been made. They first assert that no such awards were appropriate because Plaintiff failed to show a workplace accident as defined by the statute. Alternatively, they argue that the claim was reasonably controverted. Having found that the trial

3

court was correct in finding that a workplace accident occurred, we will consider whether Defendants reasonably controverted Plaintiff's compensation claim.

Defendants assert that they investigated Plaintiff's claim. They further assert that Mr. and Mrs. Cox told the investigator *the same thing they said at trial,* that there was no work related accident. We note that there was no such testimony at trial. The testimony at trial indicates that there was a work related accident and that the Coxes told everyone who asked them that Plaintiff's injury arose on the job. Defendants further state that they investigated by communicating with Dr. Gunderson and that Dr. Gunderson told them that the accident was not work related. However, while they argue that Dr. Gunderson must have told their investigator that the injury was not work related, they fail to point to any communication between Dr. Gunderson and their investigator in which Dr. Gunderson so stated. The investigator did not testify at trial. Further, there is nothing of record to indicate that Defendants communicated with any of the other doctors who treated Plaintiff with regard to his injury.

Accordingly, we agree with the trial court that Defendants failed to adequately investigate Plaintiff's claim and arbitrarily and capriciously failed to pay benefits. Accordingly, awards of attorney's fees and penalties were in order.

Defendants further argue that the trial court erred in awarding $6,000.00 in penalties since only two claims were denied, one for medical benefits and one for disability benefits. Contrary to this argument, this court, sitting en banc in *Haynes v. Williams Fence and Aluminum*, 01-0026 (La.App. 3 Cir. 1/9/02), 805 So.2d 233, found that the statute provided for multiple penalties for multiple violations as stated in its earlier opinion in *Haynes v. Williams Fence and Aluminum*, 01-0026, pp. 25-26 (La.App. 3 Cir. 7/25/01), 805 So.2d 215, 231 (alteration in original):

4

> The underlying reason for the workers' compensation provisions allowing the imposition of penalties and attorney fees for the arbitrary and capricious withholding of benefits is to combat the indifference by employers and insurers toward injured employees. *Ward v. Phoenix Operating Company*, 31,656 (La.App.2d Cir.2/24/99), 729 So.2d 109. In *Gay* [*v. Georgia Pacific Corp.*, 32,653 (La.App. 2 Cir. 12/22/99); 754 So.2d 1101,] this court decided that the triggering event for penalties and attorney fees is not the injury giving rise to the compensation claim, but instead is the employer's or insurer's failure to comply with the procedures set forth in La. R.S. 23:1201. Interpretation of "claim" as a specific demand for particular benefits (such as an operation) rather than as a general demand for benefits under the compensation laws is consistent with the *Gay* rationale. As in *Gay*, "to conclude otherwise would dilute the deterrent effect of these statutory provisions, which are not intended to make the worker 'whole' but rather to discourage specific conduct on the part of the employer."

*See also Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03),836 So.2d 14, in which the Louisiana Supreme Court cited this holding with approval.

In this case, it is undisputed that Defendants failed to reimburse Plaintiff for his medical and pharmacy bills, failed to approve physical therapy recommended by Dr. Gunderson, failed to approve x-rays and therapy recommended by Dr. Altimura, and failed to pay compensation benefits. Each of these incidents constitutes a "claim" as defined in the *Haynes* cases. Accordingly the trial court did not err in granting penalties in the amount of $6000.00.

Attorney's Fees on Appeal

In brief, Plaintiff seeks additional attorney's fees to cover the cost of this appeal. However, because Plaintiffs failed to appeal or answer the defendant's appeal, we have no choice but to deny this request. *Dordain v. Anthony Seafood & Lobster House*, 03-0900 (La.App. 4 Cir. 11/5/03), 860 So.2d 1166; La. Code Civ.P. art. 2133.

5

## CONCLUSION

For these reasons, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed to Defendants.

**AFFIRMED.**